STATE of Missouri, Plaintiff-Respondent,

v.

Robin Geray CABELL, Defendant-Appellant.

No. 36962.

Missouri Court of Appeals, St. Louis District, Division One.

June 1, 1976.

Motion for Rehearing or Transfer to Supreme Court Denied July 9, 1976.

Application to Transfer Denied Sept. 13, 1976.

Robert A. Ciuffa, St. Louis, for defendant-appellant.

Preston Dean, Douglas Mooney, Asst. Attys. Gen., Jefferson City, Courtney Goodman, Jr., Pros. Atty., George R. Westfall, Asst. Pros. Atty., Clayton, for plaintiff-respondent.

WEIER, Presiding Judge.

Defendant was convicted of two counts of robbery by means of a dangerous and deadly weapon, § 560.120, RSMo. 1969, and sentenced to ten years in the custody of the Department of Corrections on each count. The sentences are to run concurrently. Defendant's appeal is based upon contentions that only one count of robbery should have been submitted to the jury since no two separable robberies occurred, and that his right to a fair and unbiased trial was prejudiced by remarks in the closing argument of the prosecutor. We affirm the conviction.

At approximately 10:00 o'clock on the evening of April 10, 1974, defendant and a female companion knocked on the door of the residence of Mr. & Mrs. Wild in St. Louis County. Mrs. Wild answered the door. Defendant inquired about an auto in her driveway and she recognized him as having been to the house inquiring about purchasing the auto three times during the preceding month. Mrs. Wild summoned her husband who came to the door. Two additional men joined the first couple and a heated discussion developed over the lateness of the hour and the purchase of the car. Mr. Wild recognized defendant and another of the men as ones who had been to his house asking about the auto previously. One male pulled a gun and ordered Mr. Wild into the house. Defendant directed a second gun at the Wilds as they were ordered to lie face-down on the floor of their livingroom. Several items were taken during the robbery including two television sets, a radio, Mr. Wild's wristwatch and wallet, and Mrs. Wild's engagement ring, purse, and necklace. The Wilds were left on their livingroom floor tied with a telephone cord and electric blanket wire.

The police lineup and in-court identification of defendant and testimony of Mr. & Mrs. Wild was corroborated by Adrianne Franklin, the female participant in the robbery. She was apprehended in connection with the attempted fraudulent use of Mrs. Wild's credit card and offered immunity from prosecution in exchange for her testimony.

Defendant took the witness stand, and he and one of his friends testified that they were in Illinois at the house of relatives the entire night of the robbery. They also stated that Adrianne Franklin was a troublemaker, that she had reason to dislike defendant, and that she was a person who might lie to harm someone she disliked.

Defendant contends that only one count of robbery occurred since this case involves one act, the forceable taking of the property of a married couple. Missouri Supreme Court Rule 24.04 allows joinder of counts in a criminal case when there are "two or more acts which are part of the same transaction or * * * two or more acts or transactions which constitute parts of a common scheme or plan * * *." Separate counts may not be joined where the facts necessary to prove both crimes are identical or where the incidents of one crime are entirely contained in the other. *State v. Parsons*, 513 S.W.2d 430, 437–438[5–9] (Mo.1974). The fact that two

crimes occurred at substantially the same time or that substantially the same evidence is presented to prove both does not, however, require there be only one charge. *State v. Neal*, 514 S.W.2d 544, 548[6, 7] (Mo.1974). The important question is whether two separate robberies occurred.

■ The essential elements of robbery by means of a dangerous and deadly weapon are a person who is put in fear of immediate injury to himself, and some property not owned by defendant and at least in custody of the victim taken from the custody of the victim at that time. *State v. Moton*, 476 S.W.2d 785, 788[3] (Mo. 1972). Here, two persons, Mr. & Mrs. Wild, were threatened. Property belonging to each separately and to the couple jointly was taken. Since two distinct persons were frightened and relieved of their individual separate property, a separable robbery of each did occur.

Defendant contends § 560.120, *supra*, makes the robbery of a wife the same act as the robbery of a husband. This interpretation of the statute is unwarranted. Section 560.120 provides:

"Every person who shall be convicted of feloniously taking the property of another from his person, * * * or from the person of his wife, servant, clerk or agent, in charge thereof, * * * by violence * * * or by putting him or her in fear of some immediate injury to his or her person, shall be adjudged guilty of robbery in the first degree."

■ Clearly the reference to a "wife" is to establish custody of the property, as in the instance of an agent, servant, or clerk. These are words of description properly listing several relationships for which proper custody will be assumed. *State v. Pughe*, 403 S.W.2d 635, 637[1, 2] (Mo.1966). Two separate counts of robbery have repeatedly been properly submitted where property was taken from the custody of two individual agents or clerks of one employer at substantially the same time. *State v. Neal, supra*; *State v. Johnson*, 499 S.W.2d 371,

375[7–9] (Mo.1973). Since the engagement ring was removed from the finger of Mrs. Wild and the wristwatch was stolen from the person of Mr. Wild, the evidence of separate custody and control of the property is clear. This case was properly submitted to the jury on two counts, one of the robbery of Mrs. Wild and one of the robbery of Mr. Wild.

■ Defendant's remaining three contentions refer to the closing argument of the prosecution. As a general rule, the trial court has discretion in judging the propriety of closing arguments and reversal will occur only in clear cases of abuse of this discretion. *State v. Jewell*, 473 S.W.2d 734, 741[8] (Mo.1971). We cannot say that the trial court abused its discretion in this case.

■ Defendant's first objection is that matters outside the record were presented in which the prosecutor improperly personalized his statements. The remark referred to was:

"All I can say is if you believe I would allow her to testify any differently in any other trial, then you have to believe that I'm unethical. That's the implication he's making. If you allow different testimony from the same witness at two different trials, and there's no evidence she did that, that's pure innuendo on his part to prejudice you against Adrianne Franklin —"

Prior to this, defendant's attorney had vigorously argued Adrianne Franklin was lying and had implied she would testify differently at the trial of her boyfriend. The prosecutor's argument was in retaliation to this argument. Retaliatory comment of this nature cannot be used to reverse a judgment when the defendant raises the issue by his argument. *State v. Granberry*, 484 S.W.2d 295, 300[17] (Mo. banc 1972); *State v. Ward*, 518 S.W.2d 686, 689[7] (Mo. App.1975). This comment specifically related to the charge of lying by Adrianne Franklin. It is not prejudicial to defendant.

Defendant's next objection is that the prosecutor made an unfavorable comment on defendant's exercise of his right to trial by jury and his failure to plead guilty. During his rebuttal, the prosecutor stated: "I submit to you once again that you're not dealing with somebody who is showing remorse; you're dealing with somebody who says, 'Prove I did it.' 'I've got people to say—'" After the objection to this argument and a motion in the alternative to instruct the jury to disregard or declare a mistrial were overruled, the prosecutor again stated: "He pled not guilty; he's saying prove it. I have proved to you that he did it. I think there is no reasonable doubt, there is no doubt. I'm going to ask you to return a sentence of 25 years." All of this occurred after the prosecutor clearly stated: "I'll talk to you about what sort of sentence you should impose. I don't think any more time need be spent about guilt or innocence." The prosecutor did not return to any argument of defendant's guilt but was addressing this comment to the severity of sentence to impose. Although reference was made to defendant's plea of not guilty, this was a matter of record and surely a matter of common knowledge with the members of the jury. Otherwise the case would not be for trial. The comment was obviously directed to the lack of contrition on the part of defendant and designed to have the jury consider this in assessing punishment, an element many judges consider when they assess punishment. The prosecutor had referred to the requirement of reasonable doubt and mentioned that he thought there was none here. Although asking for punishment of 25 years, the jury only assessed 10 years. Reference to a plea of not guilty is not per se improper. *State v. Cox*, 352 S.W.2d 665, 671[13] (Mo.1961). In order that oral argument be reversible error, the statements used must have been unwarranted and clearly injurious. *State v. Neal*, 526 S.W.2d 898, 903[14] (Mo.App. 1975). In light of the substantial evidence against defendant and considering the entire record, we find no reversible error on this point.

Defendant's third objection is directed to the prosecutor's repeated comment on defendant's failure to call other witnesses to refute testimony of Adrianne Franklin and corroborate defendant's friend and alibi witness. Comment on the failure of the accused to testify would be improper. *State v. Jenkins*, 516 S.W.2d 522, 528[18] (Mo.App.1974). But the prosecutor can properly refer to defendant's failure to call witnesses. *State v. Pruitt*, 479 S.W.2d 785, 789[8] (Mo. banc 1972). The prohibition against comment on a person's failure to testify is limited to the accused or spouse of the accused. *State v. Baldwin*, 358 S.W.2d 18, 26[11, 12] (Mo.1962); Rule 26.08. Defendant himself testified at the trial. This comment cannot be an improper comment on defendant's failure to testify.

One absent witness was the sister of defendant who defendant inferred would have supported the charge of hostility of state's witness Franklin. The others were cousins of defendant's alibi witness and friend. They lived in Illinois and it was at their house defendant allegedly spent the night when the robberies occurred. All could be considered uniquely available to defendant as witnesses and could be expected to give favorable testimony in defendant's behalf. Their absence could be commented on by the prosecutor. *State v. Barron*, 465 S.W.2d 523, 529[8] (Mo.1971). No prejudice is apparent from the record.

The judgment is affirmed.

McMILLIAN and RENDLEN, JJ., concur.