STATE of Missouri, Respondent,

v.

**Kevin C. DURHAM, Appellant.**

**No. ED 95133.**

Missouri Court of Appeals,
Eastern District,
Division Four.

April 17, 2012.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 29, 2012.

Application for Transfer Denied
Aug. 14, 2012.

Michael P. O'Neill, Florissant, MO, for Appellant.

Therese Marchlewski Troy, MO, for Respondent.

### *ORDER*

KURT S. ODENWALD, Chief Judge.

On the Court's own motion, the opinion filed in this case on March 13, 2012, is hereby withdrawn and a new opinion is to issue. Appellant's motion for rehearing and/or transfer to the Missouri Supreme Court is denied as moot.

### *Introduction*

Kevin Durham (Durham) appeals from the trial court's judgment after he was convicted by a jury of two counts of harassment under Section 565.090.[1] On direct appeal, Durham asserts multiple claims of error. Durham raises several points on appeal, suggesting first that the State's original information was fatally

flawed, and that the trial court erred in allowing the State to amend its information on the day of trial. Durham also contends that the trial court erred in not admitting certain character evidence, and failing to declare a mistrial following the State's argument during the sentencing phase and after the jury requested the trial court consider entering a sentence of community service in lieu of jail time. Finally, Durham argues that the Missouri Approved Instruction for harassment is unconstitutionally vague.

Because the original and amended information were filed in compliance with the Missouri Rules of Criminal Procedure, we find no error in the trial court's ruling to proceed with Durham's prosecution under the original or amended information. We further find no abuse of discretion in the trial court's evidentiary ruling prohibiting the admission of character evidence, and find no plain error in the trial court's failure to declare a mistrial. Because Durham did not raise the alleged constitutionality of the jury instructions before the trial court, Durham waived the constitutional challenge in his sixth point on appeal. Accordingly, we affirm the trial court's judgment.

### *Factual and Procedural History*

The facts, viewed in the light most favorable to the verdict, are as follows. On September 22, 2008, Durham left a voicemail message on Kelley Leffingwell's (Leffingwell) phone stating that she had "messed up his credit" and requesting that she return his call. Leffingwell returned Durham's call, and left a message requesting that Durham send her his credit report. Durham returned Leffingwell's phone call multiple times, and left approximately thirty messages on her voicemail in a four hour period. Some of the messages included non-physical threats and vulgar

---

1. All statutory references are to RSMo.2008      unless otherwise indicated.

language. Durham also sent Leffingwell between eight and ten text messages after he had filled her voicemail to its capacity, and left threatening messages on the voicemail of Leffingwell's husband, William Leffingwell (William). As he had done with Leffingwell, Durham left messages on William's voicemail until his mailbox was full, and thereafter sent William several text messages. Leffingwell and William contacted the police, and the State filed charges against Durham.

Durham was convicted by a jury of two counts of harassment under Section 565.090. The trial court sentenced Durham to fifteen days in jail for the first count, and five days for the second count, with the sentences to run concurrently. This appeal follows.

### Points on Appeal

Durham presents six points on appeal. In his first and second points on appeal, Durham argues that the trial court erred in dismissing the State's original information, and in allowing the State to amend its information on the day of trial. In his third point on appeal, Durham contends that the trial court erred in disallowing Durham from presenting certain character evidence on his behalf. In his fourth and fifth points on appeal, Durham avers that the trial court erred in failing to declare a mistrial during sentencing when the State argued that Durham's plea of not guilty evidenced a lack of remorse, and when the jury requested that the trial court impose community service in lieu of jail time. In his final point on appeal, Durham raises a constitutional challenge to the Missouri Approved Instructions for the crime of harassment.

### Standards of Review

Whether the original information filed by the State was fatally flawed was not preserved as an error, so we review for plain error under Rule 30.20.[2] We will affirm the trial court's judgment unless we find that the trial court committed error that resulted in manifest injustice, or a miscarriage of justice. *State v. Severe,* 307 S.W.3d 640, 642 (Mo. banc 2010).

The trial court's decision to permit the filing of an amended information is reviewed for an abuse of discretion. *State v. McGinness,* 215 S.W.3d 322, 324 (Mo.App. E.D.2007).

We review the admission of evidence for an abuse of the trial court's discretion. *State v. Forrest,* 183 S.W.3d 218, 223 (Mo. banc 2006). We will affirm the trial court's judgment unless the trial court's ruling is clearly against the logic of the circumstances, indicates a lack of careful consideration, and the error was so prejudicial so as to deprive the defendant of a fair trial. *Id.*

Durham did not request the trial court grant a mistrial following the State's sentencing argument, nor following the jury's recommendation of sentence. Accordingly, we review these challenges for plain error.

We will decline to review any constitutional claim not asserted at the earliest opportunity, and preserved at each step of the judicial process. *State v. Sumowski,* 794 S.W.2d 643, 647 (Mo. banc 1990).

### Discussion

**I. The trial court did not commit plain error in proceeding under the original information, nor abuse its discretion in allowing the State to file an amended information.**

In his first and second points on appeal, Durham argues that the trial court erred

---

**2.** All rule references are to Mo. R.Crim. P.2009 unless otherwise indicated.

in proceeding under the original information, and in allowing the State to file a new information on the day of trial. We address each argument in turn.

■ Durham first argues that the original information was fatally defective because the information improperly charged that Durham committed misdemeanor harassment against both William and Kelly Leffingwell. Durham claims these allegations of harassment should have been charged as two separate counts because Rule 23.05 requires the information be filed as separate offenses. Durham did not raise an objection regarding the filing of the original information before the trial court. Accordingly, we review his allegation only for plain error.

■ Rule 30.20 provides, in pertinent part, that "plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted." Rule 30.20. Plain error review involves a two-step analysis. *State v. Baumruk*, 280 S.W.3d 600, 607 (Mo. banc 2009). First, we determine whether the claim of error facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted. *Id.* If such error is found, we consider whether the claimed error resulted in a manifest injustice or miscarriage of justice. *Id.* at 607–08. Durham bears the burden of showing that the trial court committed an error which is "evident, obvious, and clear" and that such error resulted in a "manifest injustice or miscarriage or justice." *State v. Roper*, 136 S.W.3d 891, 900 (Mo.App. W.D.2004).

■ Rule 23.05 states:

All offenses that are of the same or similar character or based on two or more acts that are part of the same transaction or on two or more acts or

transactions that are connected or that constitute parts of a common scheme or plan *may* be charged in the same indictment or information in separate counts.

Rule 23.05 (emphasis added). The plain language of the rule states that the offenses "may" be charged in separate counts, and does not require that they "shall" be charged in separate counts. We find no trial court error, much less plain error, in allowing the joinder of two similar offenses into one count under Rule 23.05. *See Sneed v. State*, 615 S.W.2d 658, 659 (Mo.App. E.D.1981) ("the propriety of joinder [of criminal charges] is within the sound discretion of the trial court"). Point denied.

■ In his second point on appeal, Durham argues that the trial court erred in allowing the State to submit an amended information on the day of trial.

Rule 23.08 provides:

Any information may be amended or an information may be substituted for an indictment *at any time before verdict or finding if:* (a) No additional or different offense is charged, and (b) A defendant's substantial rights are not thereby prejudiced.

Rule 23.08 (emphasis added).

Durham contends that the amended information includes an additional charge. Durham avers that the original information charged Durham with one count of harassment against both Leffingwell and William, whereas the amended information impermissibly splits the charges into two separate charges, one for each of Leffingwell and William. We disagree.

The State's original information charged Durham with one count of misdemeanor harassment in violation of Section 565.090 for his actions against both Leffingwell and William. The State's amended information charged Durham with two counts

of Class A misdemeanor harassment under Section 565.090; one count with respect to Leffingwell, and one count for offenses against William. Durham does not dispute that the amended information charges that the same two crimes were committed against the same two victims, as was alleged in the original information. The amendment did not allege any additional or different facts, allege new or different charged crimes, and did not preclude Durham from asserting any defense he may have had to the charge in the original information. *See State v. McGinness*, 215 S.W.3d 322, 324 (Mo.App. E.D.2007). We do not see that Durham was prejudiced by the amendment since the factual allegations remained unchanged from those alleged in the original information. *See Id.*; *See* Rule 23.08. Therefore, we find that the amended information did not violate Rule 23.08, and the trial court did not abuse its discretion by granting the State's motion to amend its information. Point denied.

## II. The trial court did not err in excluding testimony as to Leffingwell's character for truthfulness and veracity.

In his third point on appeal, Durham argues that the trial court abused its discretion in excluding the testimony of Kevin Waltz (Waltz).

In Missouri, a party may impeach an adverse witness's character for truthfulness by impeachment during cross-examination, or by offering the testimony of a character witness to show that the adverse witness has a poor community reputation for truthfulness and veracity. *Mitchell v. Kardesch*, 313 S.W.3d 667, 677–80 (Mo. banc 2010). Witnesses may be questioned on cross-examination regarding specific instances of their own conduct that relate to their own character for truthful-

ness and veracity. *Id.* at 677. If the party offers testimony on cross-examination of a prior statement or a specific act that is material to the present litigation, the opposing party may present extrinsic evidence to contradict the witness's testimony. *Id.* at 679. However, if the statement rendered on cross-examination relates to a matter that is collateral to the claims or defenses at issue, the witness's answer generally may not be contradicted through the presentation of extrinsic evidence. *Id.* at 680.

A witness called to offer testimony as to another witness's character for truthfulness and veracity may typically only do so through providing testimony as to the adverse witness's general reputation for truthfulness and veracity, not through testimony of the adverse witness's specific acts. *Id.* at 677. The character witness may only be asked about another party's specific acts under two circumstances: first, to test the accuracy of the character witness's testimony; or second, as extrinsic evidence to impeach the credibility of another witness regarding a *material* matter inquired into on cross-examination. *Id.* at 679–80.

In this case, Durham permissibly attempted to impeach Leffingwell's character for truthfulness and veracity by questioning her about a specific act involving a utility bill on cross-examination. The issue of the utility bill was collateral to the harassment charges pending against Durham, and therefore Durham was not permitted to challenge Leffingwell's answer through extrinsic evidence. *See Id.* During defendant's evidence, Durham called Waltz as a character witness. Waltz testified that he was married to Leffingwell from 1999 through 2001. Waltz then attempted to testify as to the same specific incident involving the electric bill in an attempt to contradict Leffingwell's cross-

examination testimony. The State objected to the testimony as being irrelevant and dated. The trial court sustained the objection, stating that the testimony impermissibly constituted an attempt to use extrinsic evidence on a collateral matter for the purposes of impeaching Leffingwell's character for truthfulness and veracity. In Durham's offer of proof, he stated that the purpose of Waltz's testimony was to present evidence as to Leffingwell's "reputation of dishonesty."

After reviewing the record, we find that the trial court's ruling was not an abuse of its discretion. Waltz was entitled to testify as to Leffingwell's general reputation for truthfulness and veracity. However, the testimony at issue here went beyond permissible testimony of Waltz's knowledge of Leffingwell's reputation for truthfulness in the community. Rather, the excluded testimony consisted of an impermissible attempt to solicit extrinsic evidence of a specific act related to a collateral matter for the purposes of contradicting Leffingwell's cross-examination testimony.

Moreover, the State correctly noted in its objection that the events at issue in Waltz's testimony were too remote in time to be admissible. Character evidence is not admissible in Missouri if the testimony is not based on knowledge acquired reasonably close in time to the incidences which are the subject of the lawsuit. *Cantrell v. Superior Loan Corp.*, 603 S.W.2d 627, 639 (Mo.App. E.D.1980). The events at issue in the instant case occurred in 2008, whereas the specific act Waltz attempted to reference occurred sometime between 1999 and 2001. Point denied.

**III. The trial court did not commit plain error in not declaring a mistrial in response to the State's argument during sentencing.**

In his fourth point on appeal, Durham argues that the trial court erred when

it failed to declare a mistrial after the State argued during the sentencing phase that Durham failed to show contrition for his acts by pleading not guilty. Durham objected to the State's argument, but did not request a mistrial at the time of the objection. Therefore, we review this claim of error only for plain error. *State v. Edmonds*, 729 S.W.2d 588, 590–91 (Mo. App. E.D.1987). "Our review for plain error of a trial court's failure to *sua sponte* declare a mistrial is extremely limited." *State v. Stites*, 266 S.W.3d 261, 266 (Mo. App. S.D.2008), *quoting State v. Collins*, 150 S.W.3d 340, 349 (Mo.App. S.D.2004). We are mindful that a mistrial is a drastic remedy that should be used sparingly and granted only in extraordinary situations. *State v. Clover*, 924 S.W.2d 853, 856 (Mo. banc 1996). "Moreover, *sua sponte* action should be exercised only in exceptional circumstances." *Collins*, 150 S.W.3d at 349, *quoting State v. Drewel*, 835 S.W.2d 494, 498 (Mo.App. E.D.1992) (internal quotations omitted).

Under plain error review, we will affirm unless the trial court committed error that resulted in manifest injustice, or a miscarriage of justice. *Severe*, 307 S.W.3d at 642. A conviction will be reversed based on plain error only if the argument had a decisive effect on the outcome of the trial and amounts to manifest injustice *State v. Edwards*, 116 S.W.3d 511, 536–37 (Mo. banc 2003). An argument has a decisive effect when it is reasonably probable that, absent the argument, the verdict would have been different. *State v. Kee*, 956 S.W.2d 298, 303 (Mo.App. W.D. 1997).

The fact that a defendant pled not guilty is obvious to a jury during the defendant's trial for the crime charged. *State v. Cabell*, 539 S.W.2d 584, 588 (Mo.

App.St.L.1976). Reference to a not guilty plea during closing argument is not *per se* improper. *Id.* In order for oral argument to be reversible error, the statements must have been unwarranted and clearly injurious. *Id.*

The argument at issue occurred during sentencing, after Durham had already been found guilty by a jury. Therefore, we may only consider whether a new trial should be granted "as to the determination of his sentence and not his guilt." *State v. Torello,* 334 S.W.3d 903, 906 (Mo.App. E.D.2011). The State's challenged argument consisted of the following:

> Now, you have heard the evidence all day regarding a crime that was committed, and I would just like that evidence to stand on its own today. You also heard evidence from the defendant's witnesses today during sentencing. You have heard from a couple of people who have testified here that the defendant has displayed remorse. He feels bad about what happened, and that he is sorry. I would just like to remind you that the defendant pled not guilty. If the defendant were really displaying remorse, if the defendant really were sorry, then he would have pled guilty—

Durham objected to the argument, without requesting a mistrial, and the trial court sustained the objection. Durham now claims that the State's argument improperly incited the jury to punish Durham for wasting the jury's time.

▮ Even though the State may have engaged in improper argument during the penalty phase, we are unable to conclude, having reviewing the record before us, that the trial court's failure to *sua sponte* declare a mistrial as a result of the State's reference to Durham's plea of not guilty created manifest injustice or a miscarriage of justice. We fail to see how the State's argument decisively affected the jury's sentencing decision, when the State merely highlighted a fact of which the jury was obviously aware. *See Kee,* 956 S.W.2d at 303. When reviewing the entire record, it appears that the State's argument was not an attempt to incite the jury unfairly, but was a response to Durham's evidence and argument that he was sorry for his conduct. The State is given considerably more leeway when rebutting a claim made by the defendant during closing arguments. *State v. Smith,* 32 S.W.3d 532, 553 (Mo. banc 2000) (trial court did not plainly error in denying motion for mistrial in response to State's closing argument during guilty phase of trial). The State merely argued Durham's plea indicated a failure to show contrition for the crimes of which he was convicted.

The relative leniency of the sentence recommended by the jury and ordered by the trial court also reflects a lack of prejudice. Under Section 558.011, the jury could have imposed a sentence of up to one year for each of the crimes of which Durham was convicted, but Durham was only sentenced to a fifteen day sentence and a concurrent five day sentence. While we do not decide whether the State's argument was proper, given the leniency of the sentences actually rendered, Durham has not demonstrated that the trial court's failure to declare a mistrial following the State's argument created manifest injustice or a miscarriage of justice. Point denied.

**IV. The trial court did not commit plain error in not declaring a mistrial after the jury requested community service in its sentencing recommendation.**

In his fifth point on appeal, Durham argues that the trial court erred when it did not declare a mistrial after the jury requested that the trial court consider im-

posing community service as a part of Durham's sentence. Durham suggests that because the jury sentencing instruction did not contain the option for the jury to recommend community service, the jury did not understand or follow the trial court's sentencing instruction, therefore, requiring a mistrial.

We note that while Durham requested a mistrial in his motion for a new trial on grounds that the jury's request evidenced instructional error or confusion, he failed to request a mistrial at the sentencing hearing. Sentencing error must be raised during the sentencing hearing to be preserved for appellate review. *State v. Cowan*, 247 S.W.3d 617, 619 (Mo.App. W.D.2008). Therefore, we review this point only for plain error, and will affirm unless we find the trial court committed error resulting in manifest injustice or a miscarriage of justice. *State v. Severe*, 307 S.W.3d at 642. "Our review for plain error of a trial court's failure to *sua sponte* declare a mistrial is extremely limited." *Stites*, 266 S.W.3d at 266.

After reviewing the record, we find that Durham has failed to demonstrate that manifest injustice or a miscarriage of justice occurred as a result of the trial court's failure to *sua sponte* declare a mistrial due to alleged instructional error, or following the jury's request that the trial court consider community service in lieu of jail time. The record shows that the jury properly completed the verdict form by selecting confinement in the county jail as punishment for both convictions. The jury's written note requesting community service in lieu of jail time appears to be a gratuitous request that does not indicate a lack of understanding of the jury instructions. The trial court's failure to declare a mistrial following this request does not evidence manifest injustice, or a miscarriage of justice. Point denied.

## V. Durham waived any constitutional challenge to the Missouri Approved Instruction for the crime of harassment.

In his final point on appeal, Durham argues that the Missouri Approved Instruction for the crime of harassment impermissibly lacks definitions for the terms "disturb" and "frighten," and is therefore unconstitutional.

Constitutional claims must be raised at the earliest opportunity, and preserved at each step of the judicial process. *State v. Sumowski*, 794 S.W.2d 643, 647 (Mo. banc 1990). Challenges to the constitutionality of a statute under the void-for-vagueness doctrine are waived if not raised at the first opportunity. *Feldhaus v. State*, 311 S.W.3d 802, 805 (Mo. banc 2010).

The record reveals that Durham did not preserve his constitutional claim for our review. Durham was required to assert his constitutional claim at the earliest opportunity, and to reassert his constitutional claim at each step of the litigation. *See Id.* However, Durham did not raise his constitutional objection to Section 565.090 and the corresponding Missouri Approved Instruction at any time prior to his direct appeal. Durham has waived any constitutional challenge, and we decline to review Durham's final point on appeal.

### Conclusion

Finding no error, we affirm the trial court's judgment.

PATRICIA L. COHEN and ROBERT M. CLAYTON III, JJ., Concur.