Alfred JONES, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 98065.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 26, 2012.

trial court's judgment on direct appeal in *State v. Jones,* 341 S.W.3d 190 (Mo.App. E.D.2011).

On appeal from the denial of his motion for post-conviction relief, Jones asserts that trial counsel was ineffective for failing to object, request a curative instruction, or request a mistrial after the State characterized Jones as a "predator" and his victims as the "perfect prey" during closing argument. Jones alleges such argument was improper personalization and a comment on his future dangerousness. Jones also claims that trial counsel was ineffective for failing to request a curative instruction or a mistrial when the prosecutor called Jones's defense "a load of crap" and "smoke and mirrors" during closing argument. Finding no clear error, we affirm the judgment of the motion court.

*Factual and Procedural History*

Viewed in the light most favorable to the verdict, the following evidence was adduced at trial. At approximately 5:30 a.m. on July 15, 2009, Jones sexually assaulted two homeless women on a street in downtown St. Louis. Jones approached the first woman, T.V., with his genitals in his hand and demanded that she perform oral sex. Jones grabbed T.V.'s head and forced her toward his penis but T.V. was able to pull herself up. Jones then pushed her against a fence, pulled her pants down, and rubbed his penis against her backside. T.V. lied and said her boyfriend was coming, which caused Jones to walk away. T.V. then walked to Centenary Church, which offered meals for the homeless in its dining hall, and told an employee that she had been attacked.

A short time later, Jones approached L.R. with his genitals exposed and de-

Timothy J. Forneris, Assistant Public Defender, Office of the Missouri Public Defender, St. Louis, MO, for Appellant.

Chris Koster, Attorney General, Dora A. Fichter, Assistant Attorney General, Jefferson City, MO, for Respondent.

KURT S. ODENWALD, Judge.

*Introduction*

Appellant Alfred Jones ("Jones") appeals from the judgment of the motion court denying his Rule 29.15[1] motion for post-conviction relief without an evidentiary hearing. After a jury trial, Jones was found guilty of one count of forcible rape, in violation of Section 566.030,[2] two counts of forcible sodomy, in violation of Section 566.060, one count of kidnapping, in violation of Section 565.110, and two counts of attempted forcible sodomy, in violation of Section 566.060, and the trial court entered judgment accordingly. We affirmed the

1. All rule references are to Mo. R.Crim. P. (2011).

2. All statutory references are to RSMo. Cum. Supp. (2009).

manded that she perform oral sex. Jones took L.R. to a gangway where he forced her to perform oral sex and raped her vaginally and anally. After the sexual assault, Jones took L.R. to Centenary Church for coffee. When Jones and L.R. walked in, an employee saw that L.R. was bloody and shaking and asked L.R. what happened to her. L.R. told the employee that she had been raped by Jones. The police apprehended Jones shortly thereafter.

Jones was charged with one count of forcible rape, two counts of forcible sodomy, one count of kidnapping, and two counts of attempted forcible sodomy. At trial, the State presented testimony and physical evidence of the assaults, including DNA evidence of L.R.'s blood on Jones's underwear, Jones's semen on L.R.'s cheek and underwear, and photographs showing cuts on L.R.'s vagina as well as redness and swelling to her anus and thighs. A jury found Jones guilty on all counts. Jones was sentenced to 20 years in the Missouri Department of Corrections for each count of forcible rape and forcible sodomy and five years in the Missouri Department of Corrections for each count of kidnapping and attempted forcible sodomy, with the sentences to be served consecutively.

This Court affirmed Jones's conviction and sentence on direct appeal in *State v. Jones,* 341 S.W.3d 190 (Mo.App. E.D.2011). Jones subsequently filed an amended motion for postconviction relief, which was denied without an evidentiary hearing. This appeal follows.

### Points on Appeal

In his first point on appeal, Jones argues that the motion court erred in denying his Rule 29.15 motion for post-conviction relief because the State's characterization of Jones as a "predator" and the victims as the "perfect prey" during closing argument was improper personalization and a comment on his future dangerousness. Jones claims counsel's failure to object on those bases or to request a curative instruction or mistrial constituted ineffective assistance of counsel. In his second point on appeal, Jones argues that the motion court also erred in denying his motion for post-conviction relief without an evidentiary hearing because counsel was ineffective for failing to request a curative instruction or mistrial when the prosecutor characterized Jones's defense "a load of crap" and "smoke and mirrors" during closing argument.

### Standard of Review

This Court reviews the denial of a Rule 29.15 motion for post-conviction relief only to determine whether the motion court's findings of fact or conclusions of law are "clearly erroneous." Rule 29.15(k); *Zink v. State,* 278 S.W.3d 170, 175 (Mo. banc 2009). The motion court's findings are presumed correct and will only be overturned if the ruling leaves the appellate court with a "definite and firm impression that a mistake has been made." *Zink,* 278 S.W.3d at 175.

### Discussion

**I. Counsel was not ineffective for failing to object to the State's reference to Jones as a "predator" and to the victims as his "perfect prey."**

Jones's first point on appeal focuses on the State's reference to Jones as a "predator" and the victims as the "perfect prey" during closing argument. We reject Jones's claim that his trial counsel was ineffective for failing to object to these statements or to request a curative instruction or mistrial.

■ An evidentiary hearing is not required where "the motion and the files and records of the case conclusively show that movant is entitled to no relief." Rule 29.15(h). Appellant is entitled to an evidentiary hearing only if his motion meets three requirements: (1) the motion must allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not refuted by the files and records in the case; and (3) the matters of which movant complains must have resulted in prejudice. *Morrow v. State*, 21 S.W.3d 819, 822–23 (Mo. banc 2000).

■ To obtain an evidentiary hearing for claims related to the ineffective assistance of counsel, the movant must allege facts, not refuted by the record, showing that counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney and that the movant was thereby prejudiced. *Id.* at 823 (*citing Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). To demonstrate prejudice, the facts alleged must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* "Mere failure to object is not ineffective assistance of counsel, and trial counsel is not ineffective for failing to make non-meritorious objections." *Zink*, 278 S.W.3d at 188.

■ During the opening portion of the State's closing argument at trial, the prosecutor stated:

[Prosecutor]: Ladies and gentlemen, all the evidence you've heard leads to but one conclusion. One conclusion. This man over here is a predator. And he thinks he's caught the perfect prey.

[Defense Counsel]: I'm going to object to anything that he thinks.

[The Court]: Why don't you rephrase.

[Prosecutor]: [T.V. and L.R.] were the perfect prey. But do you know what? Now it is time for him to see justice. Now is the time for a message to be sent that you cannot prey on persons. Just because they're homeless, just because they're women, it doesn't mean you can defile them. That you can rape them. That you can sodomize them. No one deserves to be treated the way those women were treated.

■■ Improper personalization occurs when the State implies that a defendant poses a personal danger to the jurors or their families. *State v. Deck*, 303 S.W.3d 527, 540 (Mo. banc 2010). Improper personalization also occurs when the State asks jurors to place themselves in the shoes of a victim or at the crime scene, arousing fear in the jury. *Id;* *West v. State*, 244 S.W.3d 198, 201 (Mo.App. E.D. 2008). An argument is not personalized, however, if it does not suggest a personal danger to the jurors or their families if the defendant were to be acquitted. *West*, 244 S.W.3d at 201.

Jones's characterization of the State's closing argument lacks merit. The closing argument did not imply that Jones posed a personal danger to the jurors or their families when referring to Jones as a "predator" and to the victims as the "perfect prey." At no time did the prosecutor ask the jurors to place themselves in the shoes of the victims or at the crime scene or suggest that, if acquitted, Jones would prey on the jurors or their families. Any objection made by trial counsel to the closing argument based upon improper personalization would have lacked merit, and it is well settled that counsel is not ineffective for failing to make meritless objections. *See Zink*, 278 S.W.3d at 188.

■ Jones correctly argues that a prosecutor may not speculate as to the

defendant's future dangerousness because the defendant has the right to be tried only for what he has done, not what he might do in the future. *State v. Schaefer*, 855 S.W.2d 504, 507 (Mo.App. E.D.1993). The purpose of this rule is to preclude argument that may excite and inflame passion or prejudice toward the defendant. *Id.* However, during closing argument, the State is permitted considerable latitude in arguing the necessity of law enforcement, the duty of the jury to convict the defendant and prevent crime, and the consequences to society of a failure to uphold the law. *Id.* Arguments that the jury should send a message that society will not tolerate such conduct are permissible. *State v. Simmons*, 944 S.W.2d 165, 182 (Mo. banc 1997).

 Focusing on the precise words spoken by the prosecutor in closing argument again demonstrates the speciousness of Jones's argument. The prosecutor argued to the jurors that "[n]ow is the time for a message to be sent that you cannot prey on persons." We do not read into this statement any speculation regarding Jones's future dangerousness. Rather, a more reasonable and logical interpretation of this statement is that the prosecutor asked the jury to send a message that the community will not tolerate such conduct. As noted above, such argument is permissible under Missouri law. *Id.* Similarly, an objection asserting that the State impermissibly argued Jones's future dangerousness lacks merit. Failure to make a meritless objection does not constitute ineffective assistance of counsel. *Zink*, 278 S.W.3d at 188.

The record clearly refutes Jones's claims that his trial counsel was ineffective for failing to object to the State's closing argument and failing to request a curative instruction or mistrial due to such argument. Accordingly, the motion court appropriate-ly denied Jones an evidentiary hearing on his claims. Point one is denied.

## II. The State's comments on Jones's defense during closing argument do not support Jones's claim for ineffective assistance of counsel.

Jones's second point on appeal focuses on the State's assertion during closing argument that Jones's defense was "a load of crap" and "smoke and mirrors." Jones claims trial counsel was ineffective for failing to request a curative instruction or mistrial in light of those comments, which Jones claims denigrated his defense.

During closing argument, trial counsel referred to the State's photographic and testimonial evidence of L.R.'s injuries and provided an alternate explanation:

> [Trial counsel]: Now she had redness and swelling. And [Prosecutor] said, well, how else could it be? Well, she's a homeless person. She could have had a rash down there because who knows the last time she bathed was. Who knows when the last time was she changed her clothes.

During its rebuttal, the State argued:

> [Prosecutor]: She's a homeless woman. That's why she has swelling. That's why she has redness to her anus. She's a homeless woman, 'cause they're dirty. That's a load of crap. That's offensive. That woman—
>
> [Trial counsel]: I'm going to object, your Honor.
>
> [Prosecutor]:—was raped and sodomized.
>
> [Trial counsel]: Denigrating the defense.
>
> [The Court]: Let's keep out the comments.
>
> [Prosecutor]: That woman told you what happened to her. You want to talk about smoke and mirrors? That's what you just saw was smoke and

mirrors. Let's use a few big words so we can try to confuse the jury to get them away from the real evidence here.

Trial counsel objected to the prosecutor calling Jones's defense "a load of crap." While the record here is not a model of clarity, it does appear that Jones's objection to that characterization was sustained. Jones nevertheless argues that the State's characterization of his defense in closing argument as both "a load of crap" and "smoke and mirrors" denigrated his defense and had a decisive effect on the jury's verdict. Jones avers that trial counsel should have taken further action by requesting a curative instruction or mistrial with regard to these comments, and the failure to do so constitutes ineffective assistance of counsel.

■■■ To prevail on a claim of ineffective assistance of counsel based on the failure to request a mistrial or an instruction to disregard, a movant must show that, had counsel requested the additional relief, there is a reasonable probability that the result of the trial would have been different. *Camillo v. State*, 757 S.W.2d 234, 241 (Mo.App. W.D.1988). "Mistrial is a drastic remedy only to be exercised in extraordinary circumstances where there is no other way to remove the prejudice to the defendant." *Smith v. State*, 324 S.W.3d 497, 500 (Mo.App. E.D.2010).

■■■ Given the evidence of guilt presented at trial, we are unwilling to hold that Jones was prejudiced by his trial counsel's failure to request a curative instruction or mistrial, even assuming such requests were warranted. Both T.V. and L.R. identified Jones as their attacker. The cuts to L.R.'s vagina and swelling and redness around her anus were consistent with L.R.'s testimony that she was raped vaginally and anally. Additionally, Jones's seminal fluid was found on L.R.'s cheek and underwear, and L.R.'s blood was present on Jones's underwear. Even if the trial court had granted a request by trial counsel for a curative instruction directing the jury to disregard the State's closing argument, we are not persuaded that the result of the proceeding would have been different given the overwhelming nature of the evidence before the jury.

■■■ Likewise, we find no prejudice in trial counsel's failure to request a mistrial. Mistrial is reserved for the most extraordinary situations where the prejudice to the defendant is so great that no other remedy would remove the prejudice that the defendant has suffered. *See id.; see also State v. Durham*, 371 S.W.3d 30, 37 (Mo.App. E.D.2012). As such, it should be used sparingly and in the most extreme cases. *See id.* Considering the evidence of guilt that was presented at trial, we categorically reject Jones's argument that he suffered the type of irreparable prejudice that warrants a mistrial. *See id.*

The record before us clearly refutes Jones's claims based upon the State's denigration of his defense. Because the record demonstrates that trial counsel's failure to request a curative instruction or mistrial was not outcome determinative, the motion court did not err in denying Jones's motion for post-conviction relief without an evidentiary hearing. *See Camillo*, 757 S.W.2d at 241. Point two is denied.

### Conclusion

The motion court did not clearly err in denying Jones's motion for post-conviction relief without an evidentiary hearing. The judgment of the motion court is affirmed.

LAWRENCE E. MOONEY, P.J. and PATRICIA L. COHEN, J., concur.