Justin F. JOHNSON, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 103966

Missouri Court of Appeals,
Eastern District,
**DIVISION FOUR.**

Filed: February 14, 2017

Kim C. Freter, Clayton, MO, for Appellant

Josh Hawley, Gregory L. Barnes, Jefferson City, MO, for Respondent

## OPINION

James M. Dowd, Presiding Judge

Justin F. Johnson was convicted after a bench trial of first-degree murder, first-degree assault, and two counts of armed criminal action arising out of a fight between Johnson and Terryl Morgan ("Victim") at the corner of 9th and Cole Street in the City of St. Louis that ended with Johnson shooting and killing Victim and firing a shot at a nearby witness's vehicle. The trial court sentenced Johnson to life imprisonment for the first-degree murder conviction and to concurrent terms of fifteen years' imprisonment on each of the remaining charges. Johnson's convictions were affirmed on direct appeal. See *State v. Johnson*, 393 S.W.3d 618 (Mo.App.E.D. 2013).

Johnson now appeals the denial following an evidentiary hearing of his Rule 29.15[1] motion for post-conviction relief. Johnson raises two points: (1) that his trial counsel was ineffective for failing to file a motion to withdraw as his attorney due to an irreconcilable conflict between them; and (2) that his trial counsel was ineffective for failing to object and request a mistrial after the trial judge had *ex parte* communications with Victim's brother and the victims' services advocate during the trial. Finding no clear error, we affirm.

## Standard of Review

Appellate review of the denial of a Rule 29.15 motion is limited to a determination of whether the motion court's findings,

conclusions, and judgment are clearly erroneous. *Anderson v. State*, 196 S.W.3d 28, 33 (Mo.banc 2006). Findings and conclusions are clearly erroneous if after a review of the entire record we are left with the definite and firm impression that a mistake has been made. *Id.* We presume that the motion court's findings are correct. *Id.*

## Discussion

**A. The motion court did not clearly err in denying Johnson's ineffective assistance claim based on his trial attorney's failure to move to withdraw as Johnson's counsel.**

Johnson argues that he received ineffective assistance of counsel because his trial attorney failed to move to withdraw as his trial counsel. Johnson asserts that counsel should have tried to withdraw because a complete breakdown of the attorney-client relationship had occurred after he and his attorney argued over whether counsel would review videotape evidence with him. Finding no clear error, we affirm.

To prove the ineffective assistance of trial counsel, the movant must satisfy the following two-prong test from *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): 1) that counsel's performance did not conform to the degree of skill and diligence of a reasonably competent attorney; and 2) that as a result thereof, the movant was prejudiced. *Zink v. State*, 278 S.W.3d 170, 175 (Mo. banc 2009). The movant must overcome a strong presumption that counsel's performance was reasonable and effective to meet the first prong. *Id.* at 176. To satisfy the second prong, the movant must show that there was a reasonable probability

1. All references to rules are to the Missouri Supreme Court Rules (2016) unless otherwise indicated.

that, but for counsel's alleged errors, the outcome would have been different. *Id.* If either the performance or the prejudice prong is not met, then we need not consider the other and the claim of ineffective assistance must fail. *State v. Simmons*, 955 S.W.2d 729, 746 (Mo.banc 1997).

A criminal defendant has no absolute right to a particular attorney. *State v. Johnson*, 328 S.W.3d 385, 398 (Mo.App. E.D. 2010). To warrant substitution of appointed counsel, a defendant must demonstrate justifiable dissatisfaction with counsel. *Wilson v. State*, 383 S.W.3d 51, 56 (Mo.App.E.D. 2012). Mere dissatisfaction with counsel is not enough; a defendant's dissatisfaction must be justifiable before the Sixth Amendment requires the appointment of substitute counsel. *Id.* Examples of justifiable dissatisfaction include a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant. *Johnson*, 328 S.W.3d at 398. Disagreement about trial strategy or a general dissatisfaction with the amount of time a defendant is able to spend with counsel is insufficient to establish a total breakdown in communication. *State v. Cobbins*, 445 S.W.3d 654, 659 (Mo.App. E.D. 2014). Whether counsel should be permitted to withdraw rests within the sound discretion of the trial court. *State v. Kennell*, 605 S.W.2d 819, 820 (Mo.App. S.D. 1980).

At the evidentiary hearing, Johnson testified that he wanted his attorney to withdraw prior to trial because they had an argument over whether his attorney had time to review videotape evidence with him. Johnson testified that his attorney told him she did not have time to review the tape with him so he lost trust in her and wanted her to withdraw from his case. Further, Johnson testified that his attorney indicated that she would remove herself if he filed a motion with the court, and that after he wrote a letter to the court requesting her removal, she failed to remove herself so he proceeded to trial with her as his counsel.

Regarding the video evidence, Johnson's trial attorney testified that Johnson wanted someone to watch the video with him so that he could take notes, but that she did not have time to do that so she asked the jail authorities to give Johnson a copy of the tape to watch without her being present. Trial counsel testified that from her review of an email she did not believe Johnson received a copy of the tape. She could not recall if Johnson told her he wanted a different attorney or if Johnson filed anything with the court asking that she be removed.

Based on this evidence, the motion court, the same judge who presided over Johnson's trial, denied Johnson's claim. The court found that Johnson failed to show an irreconcilable conflict or that his trial counsel failed to do something that prejudiced him. These findings are not clearly erroneous in our judgment.

As to the first prong, Johnson has not shown that his trial counsel was unreasonable and ineffective in continuing to represent Johnson and not moving to withdraw as his attorney. Indeed, at the evidentiary hearing, Johnson never asked trial counsel why she did not withdraw as his attorney, whether there was an irreconcilable conflict between them, or whether their communications had completely broken down.

As to the second prong, Johnson has failed to show how he was prejudiced by counsel's alleged failure to file a motion to withdraw. He has not shown a reasonable probability that, but for counsel's alleged errors, the outcome would have been different. Johnson has not shown that had a motion to withdraw been filed, that it

would have been granted or would have affected the outcome of his trial in any manner.

Moreover, as to whether Johnson would have been able to demonstrate justifiable dissatisfaction with counsel in the first place, disagreement about trial strategy or a general dissatisfaction with the amount of time a defendant is able to spend with counsel is insufficient to establish a total breakdown in communication and the record refutes Johnson's claim here. See *Cobbins*, 445 S.W.3d at 659. Contrary to Johnson's claim, the record shows that after the alleged irreconcilable conflict that led to a complete breakdown in communication between them, Johnson and his trial attorney continued to communicate. In fact, both Johnson and his trial counsel testified that they discussed whether to have a jury or bench trial the morning his trial was scheduled to begin, that Johnson chose to have a bench trial, and that trial counsel continued to represent Johnson at trial and his sentencing. Thus, the motion court did not clearly err. Point denied.

**B. The motion court did not clearly err in denying Johnson's claim of ineffective assistance of trial counsel for failing to object and move for a mistrial after it was discovered that the trial court had *ex parte* communications with Victim's brother and the victims' services advocate during the trial.**

In his second point, Johnson claims that he received ineffective assistance because his trial counsel failed to object and move for a mistrial after it was discovered that the trial court had *ex parte* communications with Victim's brother and the victims' services advocate in the hallway during the trial. We disagree.

At trial, just before closing argument, Victim's brother and the victims' services advocate approached the judge in the hall-way outside the courtroom and expressed the concern that Johnson was inappropriately staring at them during the trial. When the trial court went back on the record, the court informed the parties that this had transpired, instructed Johnson to focus on the court during closing argument, and after Johnson's attorney requested the opportunity to make a statement on the record, made a record of what occurred. Neither party requested any relief due to this communication.

In his direct appeal, Johnson argued that the trial court committed plain error by not ordering a mistrial after this transpired. This court found no error, plain or otherwise, because the court developed a comprehensive record as to the pertinent facts of the communication and the facts did not show an objectively reasonable concern as to bias. Because of this ruling, the State argues that Johnson's claim is barred here. We disagree that the claim is barred since Johnson's claim that the trial court committed plain error by not *sua sponte* declaring a mistrial is distinct from Johnson's claim of ineffective assistance of counsel. Nevertheless, Johnson's claim is without merit.

The standards of review we apply on direct appeal and on a post-conviction motion alleging ineffective assistance of counsel are different. *Deck v. State*, 68 S.W.3d 418, 428 (Mo.banc 2002). On direct appeal, the issue is whether the trial court erred in its ruling at trial. *Id.* at 427. We review preserved error for prejudice, not mere error, and will reverse only if the error is so prejudicial that it deprived the defendant of a fair trial. *Id.* On the other hand, when a party fails to preserve an allegation of error on direct appeal, then the trial court cannot normally be accused of error in its rulings, much less prejudicial error. *Id.* But in order to serve the need for accuracy in the outcome of a trial,

we have the discretion to review for plain error if a manifest injustice or miscarriage of justice would otherwise result. *Id.* at 427–28; Rule 30.20. The standard of review in both contexts presupposes that the trial was a fair proceeding. *Id.* at 428.

By contrast, when a post-conviction motion alleging ineffective assistance of counsel is filed, the defendant asserts that he was deprived of his right to assistance of counsel and thus did not receive a fair trial. *Id.* Despite the difference in the two standards, a claim of error that fails plain error review on direct appeal will most likely fail in a post-conviction proceeding alleging ineffective assistance of counsel, but there are a small number of cases in which the application of the two standards of review will produce different results. *Id.*

Decisions about whether or when to make objections at trial are left to the judgment of counsel. *Bracken v. State*, 453 S.W.3d 866, 871 (Mo.App.E.D. 2015). Accordingly, ineffectiveness is rarely found in cases where trial counsel has failed to object. *Id.* To prove ineffectiveness, a movant must overcome the strong presumption that trial counsel made all significant decisions in the exercise of reasonable professional judgment and that any challenged action was a matter of sound trial strategy. *Id.* In addition, a movant must show that he suffered a substantial deprivation of the right to a fair trial. *Id.*

To prevail on a claim of ineffective assistance of counsel based on the failure to request a mistrial, a movant must show that had counsel requested the relief, there is a reasonable probability that the result of the trial would have been different. *Jones v. State*, 389 S.W.3d 253, 259 (Mo.App.E.D. 2012). Granting a mistrial is a drastic remedy that is only to be exercised in extraordinary circumstances where there is no other way to remove the prejudice to the defendant. *Id.* As such, it should be used sparingly and only in the most extreme cases. *Id.*

In denying Johnson's motion, the motion court found that Johnson failed to establish that he is entitled to relief. We agree.

As to the performance prong, Johnson has failed to overcome the presumption that counsel's performance was reasonable and effective. In fact, Johnson failed to present any evidence regarding this claim at his evidentiary hearing, and as we found in Johnson's direct appeal, no error occurred as a result of Victim's brother's and the victims' services advocate's contact with the court. Johnson's attorney requested the opportunity to make a statement on the record after learning about the communication and Johnson has failed to show that his attorney's conduct in handling the matter was unreasonable.

Further, Johnson cannot show any prejudice. In order to satisfy the prejudice prong, Johnson had to show that there was a reasonable probability that, but for counsel's alleged errors, i.e., failing to object and move for a mistrial, the outcome would have been different. Johnson cannot make that showing here. The granting of a mistrial is a drastic remedy that is only to be exercised in extraordinary circumstances. *Jones*, 389 S.W.3d at 259. This was not one of those circumstances. Indeed, the same judge who tried Johnson's case considered Johnson's post-conviction argument here and found that Johnson's claim should be denied. Point denied.

### Conclusion

For the reasons stated above, we affirm.

Kurt S. Odenwald, J., and Gary M. Gaertner, Jr., J., concur.