STATE of Missouri, Respondent,

v.

Robert Lee WILLIAMS, Appellant.

No. 56462.

Supreme Court of Missouri, Division No. 2.

Dec. 13, 1971.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for respondent.

John J. Frank, Leonard A. Batterson, Jr., St. Louis, for appellant.

STOCKARD, Commissioner.

Defendant has appealed from the judgment and sentence of life imprisonment for murder in the first degree.

There is no challenge to the sufficiency of the evidence. A jury reasonably could find that following a crap game, the defendant grabbed a rifle and demanded money from Melvin Tapp who had won in the game. As Tapp backed down the steps, defendant shot him. Tapp then ran down the street, and defendant shot him again. Defendant testified that he was not present at the time of the shooting, but that he was asleep in his mother's house next door to where the shooting took place.

Four of the witnesses for the State testified either that they saw defendant fire the shots at Tapp or that they saw defendant with the rifle in his hands and saw Tapp fall. Defendant sought to impeach these four witnesses by use of the juvenile court records pertaining to each. At the time of trial all of these witnesses were "adults" within the meaning of § 211.021 (all statutory references are to RSMo 1969, V.A.M.S.). It is defendant's position that the principal evidence against him came from persons whose credibility he should be able to impeach on the basis that each had previously committed an offense, while a juvenile, which would have been a crime if committed by an adult, and that absent such impeaching evidence the jury would not have the benefit of a proper knowledge of the credibility of the witness.

Section 211.271(3) provides as follows:

> After a child is taken into custody * * * all admissions, confessions, and statements by the child to the juvenile officer and juvenile court personnel and all evidence given in cases under this chapter, as well as all reports and records of the juvenile court, are not lawful or proper evidence against the child *and shall not be used for any purpose whatsoever in any proceeding, civil or criminal*, other than proceedings under this chapter. (Italics added).

In State v. Tolias, Mo., 326 S.W.2d 329, it was ruled that the disposition of a case in the juvenile court is not deemed a conviction of a crime. In that case impeachment of a juvenile witness was not permitted. Defendant contends that the Tolias case should be overruled insofar as it may be considered to hold that a defendant in a criminal case cannot introduce juvenile court records for the purpose of impeaching a witness for the State who is an adult at the time of trial. We do not agree.

The wording of § 211.271 is clear and unequivocal. It provides that the "records of the juvenile court * * * shall not be used for any purpose whatsoever in any proceeding, civil or criminal, * * *." This includes the use of the records to show that a witness, whether or not at the time of trial he is an adult, has committed an act when a juvenile which if committed by an adult would have been a crime.

Defendant cites and relies on Ward v. Goodwin, Mo., 345 S.W.2d 215, and State ex rel. Arbeiter v. Reagan, Mo., 427 S.W.2d 371. In neither case were the juvenile court records offered for the purpose of showing that a witness had been convicted of a crime, or what would have been a crime if committed by an adult, and for

that reason neither case is controlling here. Defendant also argues that a concurring opinion in the Reagan case indicated that § 211.271(3) did not create an absolute privilege, but authorizes the juvenile court by order to open the files to interested persons. However, there was no request in this case to the juvenile court to open the files, and whether or not defendant, as an interested person, could see the files, they would not have been admissible in evidence to impeach the credibility of the witness on the basis that he had committed a crime. We do not have here the situation, as in the Ward case, where impeachment of a witness was accomplished without showing that he had been convicted of a crime and without using as evidence the juvenile court records. The Legislature has announced the public policy of this State concerning the use of juvenile court records, and this court is not at liberty to change it for any reason advanced by defendant.

Defendant next contends that error resulted when he was not permitted to use a police report to impeach Jerome Nelson and Police Lieutenant Brown on the basis of prior inconsistent statements.

During the cross-examination of Jerome Nelson he denied (1) that he had identified a tan jacket as the one worn by a person by the name of John Marshall; (2) that he had said the weapon used by defendant was a shotgun, and (3) that he had said he saw three persons with guns; two with pistols and one with a rifle or shotgun. During the cross-examination of Lieutenant Brown he was asked if Jerome Nelson had made certain statements to him, which were substantially the above statements which Nelson had denied making, and he said that he did not. Defendant attempted, but was not permitted, to show that a police report indicated that Jerome Nelson had made the statements.

 As a general rule a witness may be impeached by showing that he made a prior inconsistent statement as to a material matter, State v. Cross, Mo., 357 S.W.2d

125, but a police report which contains only hearsay as to the one who prepared it cannot be used to impeach a witness on the basis that his testimony conflicts with what someone, without personal knowledge, placed therein. In this case Lieutenant Brown did not prepare the report, and the evidence established that it was prepared by some officer from notes and reports prepared by others and submitted to him. The contents of the report were clearly hearsay as to the person who prepared the report, and the trial court correctly sustained an objection to its use for the purpose of showing prior inconsistent statements.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.