Christopher Q. WEST, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 89573.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 15, 2008.

Lisa M. Stroup, St. Louis, MO, for appellant.

Shaun Mackelprang, Jefferson City, MO, for respondent.

NANNETTE A. BAKER, Judge.

## Introduction

Christopher Q. West ("Movant") appeals from a judgment in the St. Louis County Circuit Court denying his Rule 29.15[1] motion for post-conviction relief without an evidentiary hearing. In his four points on appeal, Movant claims that the motion court erred in denying his post-conviction motion because his trial counsel was ineffective for failing to object to various statements and comments made by the prosecutor. We find no error and affirm.

## Factual and Procedural Background

In the light most favorable to the verdict, the facts adduced at trial reveal that on August 18, 2003, Tom Nicholson ("Nicholson") and Tom Cooper ("Cooper") drove from Jefferson County to St. Louis to buy a pound of marijuana. Nicholson and Cooper, who had $800 with them, were introduced to Movant and another man named Marcus Fulton ("Fulton"). Movant and Fulton were supposed to furnish the pound of marijuana in exchange for the $800. Either Movant or Fulton asked to count the money before the exchange. When Nicholson revealed the money, Fulton pulled out a gun and demanded that Nicholson hand over the money. Nicholson refused to hand over the money and Fulton's gun clicked.[2] Nicholson threw the money into the car and Fulton fired his gun, missing Nicholson. At this point, Movant ran around the car to the passenger side and pointed a gun at Cooper. A struggle ensued between Cooper and Movant, during which Movant fired his gun at least four times. Movant and Fulton fled the scene. Cooper suffered multiple gunshot wounds.

A police investigation led to the identification, arrest and prosecution of Movant and Fulton. A jury found Movant guilty of attempted robbery in the first degree, assault in the first degree, and armed criminal action and the court sentenced Movant to concurrent terms of five years' imprisonment for attempted robbery, twelve years' imprisonment for assault and three years' imprisonment for armed criminal action. We affirmed the conviction in *State v. West*, 186 S.W.3d 488 (Mo.App. E.D.2006).

Movant filed a *pro se* motion for post-conviction relief and his appointed counsel filed an amended motion arguing, *inter alia*, that Movant received ineffective assistance of counsel because trial counsel failed to object to several statements and comments made by the prosecutor. The motion court denied Movant's motion without an evidentiary hearing and issued findings of fact and conclusions of law. Movant appealed.

## Discussion

Our review of the motion court's denial of post-conviction relief is limited to a determination of whether the motion court clearly erred in finding that counsel was not ineffective. *Helmig v. State*, 42

---

1. All rule references are to Mo. Rules Crim. P.2003, unless otherwise indicated.

2. It is not clear from the record why the gun clicked.

S.W.3d 658, 665–66 (Mo.App. E.D.2001). We will find that the motion court clearly erred if, after a review of the entire record, we are left with the definite and firm impression that a mistake has been made. *Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc.2000).

To prove ineffective assistance of counsel, a movant must demonstrate that: (1) trial counsel's performance failed to conform to the degree of skill, care and diligence of a reasonably competent attorney; and (2) he was prejudiced by trial counsel's poor performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Deck v. State*, 68 S.W.3d 418, 425 (Mo. banc 2002). To satisfy the first prong of the *Strickland* test, a movant must overcome a presumption that the challenged action constituted sound trial strategy. *State v. Hall*, 982 S.W.2d 675, 680 (Mo. banc 1998). The second *Strickland* prong necessitates that a movant "show a reasonable probability that, but for trial counsel's errors, the result of the proceeding would have been different." *Id.* The motion court is not obligated to hold an evidentiary hearing on a motion for post-conviction relief unless: (1) Movant alleged facts, rather than conclusions, warranting relief; (2) the facts alleged raise matters not conclusively refuted by the files and record; and (3) the matters complained of resulted in prejudice to Movant. *Haddock v. State*, 75 S.W.3d 872, 876 (Mo.App. W.D.2002). See also, *Morales v. State*, 104 S.W.3d 432, 434 (Mo.App. E.D.2003). Movant must establish each prong of this three prong test. *Shackleford v. State*, 51 S.W.3d 125, 128 (Mo.App. W.D.2001).

Movant claims four points on appeal. In all of his points on appeal, Movant contends that the motion court erred in denying his motion without an evidentiary hearing because his trial counsel was ineffective for failing to object to comments and statements made by the prosecutor. Failure to object to evidence is not sufficient in and of itself to constitute ineffective assistance of counsel. *Rotellini v. State*, 77 S.W.3d 632, 637 (Mo.App.E.D. 2002). The movant must show that: (1) the objection would have been meritorious; and (2) the failure to object resulted in a substantial deprivation of movant's right to a fair trial. *Id.* The movant also bears the burden of proving the failure to object was not strategic and was prejudicial. *Rickey v. State*, 52 S.W.3d 591, 596 (Mo.App. W.D. 2001).

## Voir Dire Comments

In his first point, Movant argues that the motion court erred in denying his motion without an evidentiary hearing because his trial counsel was ineffective for failing to object to a comment made by the prosecutor regarding the Movant's right not to testify. We disagree. During *voir dire*, the prosecutor asked the prospective jurors, "along with the presumption of innocence is coming the defendant's right not to testify. It's the defendant's choice. Everybody understand that?" This comment, Movant contends, improperly informed the jury that if Movant does not testify, it is because he chose not to do so and caused the jury to speculate about why he would choose not testify at his own trial.

The State claims that the comment made by the prosecutor is akin to those made by the prosecutor in *State v. Barnum*, 14 S.W.3d 587 (Mo. banc 2000). In *Barnum*, the prosecutor stated during *voir dire* that:

> The second term that we talk about probably endlessly and to the point that you're all tired of it is the burden of proof. And that's the idea that it's up to me to prove to you that the Defendant did what we charged. It's not up to the

Defendant to prove anything. The Defendant doesn't have to present any evidence, doesn't have to testify, and that's our legal system. That's the way it works in our legal system.

*Id.* at 592. The Missouri Supreme Court held that the prosecutor's comments:

Did not pertain to Appellant's failure to testify but were merely restatements of the law and general comments concerning the rights of any defendant in a criminal trial. Considering the record as a whole, manifest injustice did not result due to the nature of the remarks and the stage of the trial at which they were made.

*Id.*

The State argues that the comment made in the present case is so similar to the one in *Barnum* that we should treat it the same way the Supreme Court treated the comments in *Barnum.* We agree. The comment in context reveals that the prosecutor stated: "along with that presumption of innocence is coming the defendant's right not to testify. It's the defendant's choice. Everybody understand that? The foundation for that, the reason for that is the burden to prove guilt or innocent is on the State of Missouri." Here, the prosecutor was only commenting generally on the defendant's constitutional right not to testify as well as the concomitant right to decide whether or not to testify. These were merely "restatements of the law" and cannot be deemed to be more than a general commentary on the rights of Movant. Movant urges us to find that the prosecutor's comment that "It's the defendant's choice," is significantly different from the statement in *Barnum* that "The defendant doesn't have to present any evidence, doesn't have to testify." We find that the two statements are essentially the same. While an objection to the prosecutor's comments may have been

meritorious, the failure of trial counsel to object did not substantially deprive Movant of a fair trial. Thus, trial counsel was not ineffective for failing to object. Accordingly, the motion court did not clearly err in denying Movant's motion without an evidentiary hearing. Point I is denied.

Nevertheless, we do not intend for this opinion to stand for the proposition that the State can circumvent the proscription of commentary on a defendant's right not to testify by couching those comments in terms of restatements of law. We strongly caution attorneys in criminal proceedings to be mindful of the constitutional protections afforded criminal defendants and to refrain from tampering with these protections directly or otherwise.

### *Improper Personalization*

■ In his second point, Movant argues that the motion court erred in denying his motion without an evidentiary hearing because his trial counsel was ineffective for failing to object when the prosecutor improperly personalized his closing argument by stating that "Somebody shoots you, you don't forget." The motion court found that the prosecutor did not improperly personalize his closing statement and thus an objection would not have been meritorious. We agree.

■ "One way in which improper personalization results is when the prosecutor asks the jurors to place themselves or some other identifiable person in the shoes of the victim or at the crime scene." *Hall v. State*, 16 S.W.3d 582, 585 (Mo. banc 2000). "Moreover, an argument is not 'personalized' where it does not suggest a personal danger to the jurors or their families if the defendant were to be acquitted." *State v. Hamilton*, 847 S.W.2d 198, 200 (Mo.App. E.D.1993). "The use of the word 'you' [during closing argument] does not automatically amount to an improper per-

sonalization." *State v. Allen,* 81 S.W.3d 227, 229 (Mo.App. W.D.2002).

The statement Movant complains of here did not ask the jury to put themselves in the shoes of Cooper and neither did it suggest any personal danger to the jury or their families. The statement was made in reference Cooper's identification of Movant. Read in context, the statement was made to demonstrate the proximity of Movant to Cooper when Movant fired his gun and also to bolster Cooper's identification of Movant. An objection would not have been meritorious and the motion court did not err in finding that trial counsel was not ineffective for failing to object. The motion court did not clearly err in denying Movant's motion without an evidentiary hearing. Point II is denied.

### *Matters not in Evidence*

In his third point, Movant argues that the motion court erred in denying his motion without an evidentiary hearing because his trial counsel was ineffective for failing to object when the prosecutor referred to matters not in evidence when he stated that "you still saw, even though Nicholson didn't get shot, remember looking at him. It's clear, I could see it in some of your eyes, you can tell he's living with what happened there every day ..." The motion court found that even if the prosecutor's comments were deemed to be improper, Movant had failed to show prejudice from trial counsel's failure to object. We agree.

A basic principle governing jury argument is that counsel should refrain from arguing matters not in evidence. But this broad prohibited[sic] was put in proper perspective in *United States v. LeFevre,* 483 F.2d 477(6) (3d Cir.1973): " 'We do not believe that prosecutorial statements which refer to facts not in evidence constitute reversible error per se. Rather, the court is under an obli-

gation in such instances to consider the entire record to determine whether the errors were sufficiently prejudicial to have tipped the scales and thereby denied defendant a fair trial ...' It is well established that in closing argument counsel may draw non-evidentiary conclusions which are fairly justified as a matter of inference from the evidence. It is also settled that counsel is allowed wide latitude in arguing inferences, and that the trial court's ruling should be sustained absent a clear abuse of discretion."

*State v. Bailey,* 526 S.W.2d 40, 43 (Mo. App.1975) (internal citations omitted).

In the present case, the statement Movant complains of did not constitute a matter outside the evidence because it drew its essence from the evidence. Nicholson testified that Fulton pointed a gun at him and the gun clicked. He also testified that Fulton fired a second shot at him and missed. The prosecutor stated that he could see in the jurors' eyes that Nicholson was still living with what happened that day. Certainly the prosecutor is allowed to express his opinion where, such as here, it is fairly drawn from the evidence. See *State v. Collins,* 150 S.W.3d 340, 352 (Mo. App. S.D.2004).

■ Even if we were to find that the statements referred to matters not in the evidence, Movant has failed to establish that he was prejudiced. Movant has not shown that absent what the prosecutor said, there is a likelihood that the outcome of the trial would have been different. Trial counsel was therefore not ineffective for failing to object. The motion court did not clearly err in denying Movant's motion without an evidentiary hearing. Point III is denied.

### Appeal to Jury for a Harsher Sentence

In his fourth and final point, Movant argues that the motion court erred in denying his motion without an evidentiary hearing because his trial counsel was ineffective for failing to object when the prosecutor told the jury during the sentencing phase of the trial to "hold [Movant] accountable" and give him the "appropriate punishment," considering that Nicholson and Cooper had "accepted responsibility for what they did." Movant asserts, without any support in fact or in law, that the prosecutor's comments contrasted Nicholson and Cooper with Movant and improperly asked the jury to give Movant a harsher sentence because Movant chose to have a trial. Movant also claims that the prosecutor's comments constituted an impermissible commentary on his right to a trial.

The prosecutor's comments were in reference to evidence that been admitted in the guilt phase of the trial. It only reminded the jury that Nicholson and Cooper, by their own admission, were also guilty of wrongdoing and had accepted responsibility for their acts. The prosecutor asked the jury to impose a sentence that was commensurate with the crimes for which Movant was found guilty. See *State v. Mayo*, 927 S.W.2d 535, 537 (Mo. App. E.D.1996) (The prosecutor may comment about ... the jury's duty to uphold the law as well as inferences from its failure to convict.). We fail to see how these statements impermissibly commented on Movant's right to have a trial or asked the jurors to impose a harsher sentence on Movant because he exercised that right. An objection would have been without merit and trial counsel was not ineffective for failing to object. The motion court did not clearly err in denying Movant's motion without an evidentiary hearing. Point IV is denied.

Additionally, Movant has not alleged that the failure to object in any of the instances above, was not a calculated trial strategy on the part of trial counsel and we have no reason to think otherwise. See *Rickey v. State*, 52 S.W.3d 591, 596 (Mo. App. W.D.2001). The Missouri Supreme Court recognizes that there are many instances in which a seasoned trial attorney would not object to otherwise improper evidence for strategic purposes, such as fear of objections highlighting the evidence complained of. *Rickey*, 52 S.W.3d at 596 (citing *State v. Tokar*, 918 S.W.2d 753, 768 (Mo. banc 1996)). There is a presumption that counsel acted professionally in making decisions and that the challenged actions were trial strategy. *Id.* Here, owing to the propriety of the disputed prosecutorial statements and comments, we presume that trial counsel strategically chose not to object since an objection would not have meritorious. Movant has not overcome this presumption.

Finally, Movant failed to prove that he was prejudiced by the failure of trial counsel to object to any of the various comments and statement, of which he now complains. To prove prejudice, the movant must show "a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different." *Nicklasson v. State*, 105 S.W.3d 482, 484 (Mo. banc 2003). In every point relied on, Movant concludes, without much argument, that absent the comment or statement of the prosecutor, there is a reasonable probability that the result of his trial would have been an acquittal. To arrive at these tenuous conclusions, Movant ignores the evidence that was adduced at trial. Nevertheless, there was overwhelming evidence in support of the verdict. Nicholson and Talia Levy, who was also present when Movant shot Cooper, described Movant to the police. Levy latter identified

Movant in a photo lineup. Cooper also identified Movant in a photo lineup. Movant's palm prints were located on the hood of Nicholson's car, in which Cooper had been sitting when Movant started shooting. Moreover, Movant has not challenged the sufficiency of the evidence supporting his conviction. Given the considerable amount of evidence against Movant, we fail to see how the proceedings and the result would have been different if trial counsel had objected in any of the instances detailed above and the trial court had sustained the objection. Therefore, we find that there was ample evidence from which the jury could have determined that Movant committed the crime for which he was convicted and the motion court did not err in finding that trial counsel's failure to object to the prosecutor's various comments and statements did not constitute ineffective assistance of counsel.

The decision of the motion court is affirmed.

LAWRENCE E. MOONEY, P.J., and BOOKER T. SHAW, J., Concur.