STATE of Missouri, Plaintiff-Respondent,

v.

**Raymond Spencer HOOD, Defendant-Appellant.**

**No. SD 34258**

Missouri Court of Appeals, Southern District, Division Two.

Filed June 8, 2017

Attorney for Defendant-Appellant: Amy M. Bartholow, Assistant Public Defender, Columbia, Missouri.

Attorneys for Respondent: Joshua D. Hawley, Attorney General, and Daniel N. McPherson, Assistant Attorney General, Jefferson City, Missouri.

GARY W. LYNCH, P.J.

Raymond Spencer Hood ("Defendant") appeals his convictions for five counts of statutory rape in the first degree, one count of statutory sodomy in the second degree and one count of statutory rape in the second degree. *See* sections 566.032, 566.064, and 566.034.[1] Defendant contends in four points that the trial court erred in admitting (1) "the testimony of Nancy Sutton regarding the truthfulness and credibility of Victim ... because Ms. Sutton was not identified as an expert witness and

---

1. Counts 1 and 2 were charged under section 566.032, RSMo 2000; Counts 3 and 4 were charged under section 566.032, RSMo Cum. Supp. 2007; Count 5 was charged under section 566.032, RSMo Cum.Supp. 2008; Count 6 was charged under section 566.064, RSMo 2000; and Count 7 was charged under section 566.034, RSMo 2000.

was not qualified as an expert to give opinions on the complaining witnesses truthfulness and credibility[;]" (2) "propensity evidence of [Defendant's] alleged prior sexual misconduct against his sister, brother and mother, under Article I, Section 18(c) ... because Section 18(c) did not take effect until after [Defendant] was charged[;]" (3) "propensity evidence of [Defendant's] alleged prior sexual misconduct against his sister, brother and mother, under Article I, Section 18(c), ... in that [Defendant's] juvenile adjudications were not 'prior criminal acts' for purposes of Section 18(c) and were not admissible for any purpose[;]" and (4) "evidence that the Children's Division had determined that 'there is a preponderance of evidence that: [Defendant] sexually abused his daughter ...' ... in that this determination by the Children's Division invaded the province of the factfinder[.]" Finding no merit in Defendant's first three points and that he failed to preserve his fourth point for appellate review, we affirm his convictions.

## Factual and Procedural Background

Defendant does not challenge the sufficiency of the evidence to support his convictions. Viewing the evidence in the light most favorable to the finding of guilt, *State v. Taylor*, 298 S.W.3d 482, 491 (Mo. banc 2009), Defendant repeatedly sexually abused his then minor daughter ("Victim") from 2005 to 2010 for which he was charged with five counts of statutory rape in the first degree, one count of statutory sodomy in the second degree, and one count of statutory rape in the second degree. Defendant waived a jury trial on the charges and, following a bench trial, the trial court found Defendant guilty on each

count, determined he was a predatory sexual offender,[2] and sentenced him to life imprisonment on each of the five counts of statutory rape in the first degree and seven years' imprisonment for both the statutory sodomy charge and the statutory rape in the second degree charge. Defendant timely appeals.

## Standard of Review

All four of Defendant's points challenge the admission of evidence at trial. "The admission of evidence is reviewed for abuse of discretion and disturbed only when the decision is 'clearly against the logic of the circumstances.'" *State v. Taylor*, 298 S.W.3d 482, 491 (Mo. banc 2009) (quoting *State v. Reed*, 282 S.W.3d 835, 837 (Mo. banc 2009)). "Reversal due to an evidentiary error requires a showing of prejudice." *Taylor*, 298 S.W.3d at 492. "Prejudice exists when 'there is a reasonable probability that the trial court's error affected the outcome of the trial.'" *Id.* (quoting *State v. Forrest*, 183 S.W.3d 218, 224 (Mo. banc 2006)).

Because all of Defendant's points challenge the admission of evidence in a bench trial, however, our review for prejudice is somewhat different than in a jury-tried case.

In a jury-waived case a certain amount of latitude in the admission of evidence is allowed, and even where an error is made in the admission of some evidence, except where the trial court relied on that evidence in arriving at its findings of fact and conclusions of law, such error is ordinarily held to be non-prejudicial. This is so because the rules of exclusion in the law of evidence as applied in a

---

**2.** Although portions of the evidence challenged by Defendant in this appeal were utilized by the trial court in its determination that Defendant is a predatory sexual offender, Defendant does not challenge the use of the evidence in that respect. Defendant only challenges the use of the evidence as it pertains to the determination of his guilt.

court of law are largely as a result of the jury system and serve the purpose of keeping from the jury all irrelevant and collateral matters which might tend to confuse them or mislead them from a consideration of the real question in issue; when an action is to the court sitting without a jury, the rules of exclusion are less strictly enforced.

*State v. Sladek*, 835 S.W.2d 308, 313 (Mo. banc 1992) (quoting *State v. Leigh*, 580 S.W.2d 536, 545 (Mo. App. 1979), *rev'd on other grounds Leigh v. State*, 639 S.W.2d 406 (Mo. App. 1982)).

## Discussion

### *Point One—No Demonstrated Prejudice from Sutton's Testimony*

■ Defendant's first point relied on contends:

The trial court abused its discretion in admitting, over [Defendant's] objection, the testimony of Nancy Sutton regarding the truthfulness and credibility of [Victim] because the admission of this testimony deprived [Defendant] of his rights to due process and to a fair trial guaranteed by the Sixth and Fourteenth Amendments of the Constitution of the United States and Article I, Sections 10 and 18(a) of the Missouri Constitution, because Ms. Sutton was not identified as an expert witness and was not qualified as an expert to give opinions on the complaining witnesses truthfulness and credibility. The admission of this testimony resulted in prejudice to [Defendant], since absent this evidence, there is a reasonable probability that the out-

come of his trial would have been different.

Nancy Sutton, a forensic investigator who examined Victim, testified that she did not observe any signs that Victim was being untruthful or had been coached. The factual basis asserted in Defendant's point challenging this testimony is that Sutton was not identified as an expert and was not qualified as an expert to so testify. In his supporting argument, however, Defendant omits any discussion about or citation to any record authority supporting that claimed factual basis. Rather, the argument portion of Defendant's brief pivots from the claimed factual basis in his point to assert that *any* expert opinion testimony regarding the credibility of witnesses is inadmissible.[3] In support of this argument, Defendant relies on *State v. Williams*, which held that it was plain error for a trial court to allow a doctor to testify that " 'very rarely do children [sexually abused children] lie,' that the '[i]ncidents of lying among children is very low, less than three percent,' that if the child was not asked leading questions, then the child's spontaneous response 'declares who it was [who sexually abused her],' and that the 'physical findings and the behavioral indicators can only support what the child says[.]' " 858 S.W.2d 796, 801 (Mo. App. 1993).

■ The defendant in *Williams* was tried by a jury; therefore, *Williams* is unpersuasive here where Defendant was tried by the court. Assuming without deciding that Sutton's challenged testimony was inadmissible, " 'in a judge-tried case, we presume that the trial judge was not

**3.** In this respect, Defendant's argument fails to comply with Rule 84.04(e)'s mandate that the argument "be limited to those errors included in the 'Points Relied On.' " Rule 84.04(e), Missouri Court Rules (2017). Although Defendant's failure to comply with the rule preserves nothing for our review, we

review his claim ex gratia because it appears that the State understands the argument and we are also able to surmise the nature of his claim from his argument such that our review is not impaired. *Won Il Kim v. Shelton*, 485 S.W.3d 377, 379 (Mo. App. 2016).

prejudiced by inadmissible evidence and was not influenced by it in reaching a judgment, unless it is clear from the record that the trial judge considered and relied upon the inadmissible evidence.'" *State v. Crites*, 400 S.W.3d 828, 834 (Mo. App. 2013) (quoting *State v. Bewley*, 68 S.W.3d 613, 619 (Mo. App. 2002)). In his argument, Defendant omits any citations to the record that purport to support or demonstrate that the trial court considered or relied upon Sutton's challenged testimony in determining Defendant's guilt on any charge. In the absence of such citations, we have no basis upon which to conclude that the record is clear that the trial court relied on Sutton's challenged testimony in its guilt determinations. Defendant's claim, therefore, has no merit regardless of whether Sutton's testimony was inadmissible. Defendant's first point is denied.

### *Point Two—Article I, Section 18(c) Applied to Defendant's Trial*

■ Defendant's second point relied on contends:

> The trial court erred in admitting propensity evidence of [Defendant's] alleged prior sexual misconduct against his sister, brother and mother, under Article I, Section 18(c), in violation of [Defendant's] rights to due process of law guaranteed by the 14th Amendment to the United States Constitution and Article I, Section 10 of the Missouri Constitution because Section 18(c) did not take effect until after [Defendant] was charged and such retrospective application would violate the principle that substantive rights are presumed to operate prospectively in that Article I, Section 18(c) is a substantive amendment rather

than a procedural amendment because it impairs [Defendant's] right to be tried only for the crime with which he is charged.[4]

Defendant filed a reply brief responding to the State's contention that "The Missouri Supreme Court has recently rejected [Defendant's] argument. *State ex rel. Tipler v. Gardner*, 506 S.W.3d 922, 927 (Mo. banc 2017) (mandate issued Feb. 16, 2017)." In his reply brief, Defendant stated that he

> agrees that the Missouri Supreme Court's opinion in *State ex rel. Tipler v. Gardner*, 506 S.W.3d 922 (Mo. banc 2017), resolved the question of whether the 2014 amendment to Article I, § 18(c) applied to [Defendant's] trial. Although [Defendant's] alleged crimes occurred before the amendment took effect on December 4, 2014, pursuant to *Tipler, supra*, since [Defendant's] trial occurred after that date, the new provision applied at his trial.

We are constitutionally bound to follow our supreme court's latest controlling opinion, *State v. Brightman*, 388 S.W.3d 192, 199 (Mo. App. 2012), Defendant's point is denied.

### *Point Three—No Demonstrated Error in Admission of Testimony of Sister, Brother and Mother as Propensity Evidence*

■ Defendant's third point relied on states:

> The trial court abused its discretion in admitting propensity evidence of [Defendant's] alleged prior sexual misconduct against his sister, brother and mother,

---

4. Defendant's sister testified that when she was in second grade, Defendant, seven years her senior, sexually abused her on multiple occasions. Defendant's brother testified that when he was 16 and Defendant was 14, De-

fendant attempted to sexually assault him. Defendant's mother testified that Defendant attempted to rape her when he was approximately 14 or 15 years old.

under Article I, Section 18(c), because this violated [Defendant's] rights to due process of law and a fair trial guaranteed by the 6th and 14th Amendment to the United States Constitution and Article I, Sections 10 & 18 (a) of the Missouri Constitution in that [Defendant's] juvenile adjudications were not "prior criminal acts" for purposes of Section 18(c) and were not admissible for any purpose.

■ Article I, section 17 of the Missouri Constitution provides that "no person shall be prosecuted criminally for felony or misdemeanor otherwise than by indictment or information." Article I, section 18(a) states "[t]hat in criminal prosecutions the accused shall have the right ... to demand the nature and cause of the accusation...." Together, these provisions act as an "evidentiary bar" to the admission of evidence of " 'uncharged crimes, when not properly related to the cause of trial' " in an effort to "avoid 'encourag[ing] the jury to convict the defendant because of his propensity to commit such crimes without regard to whether he is actually guilty of the crime charged.' " *State v. Ellison*, 239 S.W.3d 603, 606 (Mo. banc 2007) (citing *State v. Bernard*, 849 S.W.2d 10, 16 (Mo. banc 1993)).

In 2014, the Missouri Constitution was amended to include the following exception to the general prohibition against propensity evidence:

Notwithstanding the provisions of sections 17 and 18(a) of this article to the contrary, in prosecutions for crimes of a sexual nature involving a victim under eighteen years of age, relevant evidence of prior criminal acts, *whether charged or uncharged*, is admissible for the purpose of corroborating the victim's testimony or demonstrating the defendant's propensity to commit the crime with which he or she is presently charged. The court may exclude relevant evidence of prior criminal acts if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice.

Mo. Const. art. I, sec. 18(c) (emphasis added).

Defendant challenges the trial court's admission of the testimony of his sister, brother, and mother about the sexual conduct he took toward each of them when he was a juvenile over the age of twelve. Nevertheless, his point relied on and supporting argument are solely directed toward his alleged juvenile adjudication or adjudications for such conduct. He contends in his point that his "prior juvenile adjudications were not 'prior criminal acts' for purposes of [Article I,] Section 18(c) [of the Missouri Constitution] and were not admissible for any purpose."[5] He then supports this contention in his argument with two reasons: first, "a disposition against a child in juvenile court should not be considered a 'prior criminal act' under Section 18(c), as it is not technically considered a criminal conviction[,]"[6] and sec-

---

**5.** Defendant makes no argument that his conduct as testified to by his sister, brother, and mother did not satisfy the statutory elements of the relevant crimes proscribing that conduct or that his age at the time would have prevented him from being prosecuted as an adult for those crimes, *see* section 211.071, RSMo 2000 (child between the ages of twelve and seventeen may be certified for trial as adult).

**6.** Defendant supports his first reason with citation to section 211.271.1, and *State v. Williams*, 473 S.W.2d 388, 389 (Mo. 1971). Section 211.271.1, RSMo 2000 provides that "[n]o adjudication by the juvenile court upon the status of a child shall be deemed a conviction nor shall the adjudication operate to impose any of the civil disabilities ordinarily resulting from conviction nor shall the child be found guilty or be deemed a criminal by reason of the adjudication."

ond, "[i]t is a well understood rule of law that there is a prohibition against the use of juvenile court records for any purpose whatsoever in any proceeding civil or criminal." [7]

Defendant's point and argument are fatally flawed, however, because there is a factual disconnect between the challenged testimony and Defendant's contention in his point and supporting argument—none of the three witnesses testified about or relied upon any juvenile adjudications of Defendant or any juvenile court records of Defendant. In addition, there was no evidence admitted in the record of any juvenile adjudications or juvenile court records related to Defendant.

This factual disconnect manifests itself in a logical disconnect in Defendant's legal argument. Defendant urges us to determine that juvenile adjudications and juvenile court records are not admissible as evidence of a "prior criminal act" under Section 18(c). Yet, he does not address or attempt in any manner to explain how that legal determination logically has a legal effect or impact upon the admissibility of his sister, brother and mother's testimony that does not reference or include any mention of a juvenile adjudication or juvenile court records. Further, he fails to

address or offer any legal argument as to why their testimony of his sexual conduct toward them is not direct evidence of uncharged prior criminal acts under Section 18(c).[8] In the absence of a cogent legal argument logically connected to the trial court's admission of the challenged testimony, Defendant has failed to provide us with any basis upon which to find trial court error in its admission. We need not, therefore, address Defendant's proffered legal argument. Defendant's third point is denied.

### Point Four—Claimed Error in Admission of Children's Division Determination Not Preserved for Appellate Review

■ Defendant's final point relied on states:

The trial court abused its discretion in permitting the State to introduce evidence that the Children's Division had determined that "there is a preponderance of evidence that: [Defendant] sexually abused [Victim] by fondling her crotch area," because admission of this evidence violated [Defendant's] rights to due process of law and to a fair trial as guaranteed by the 6th and 14th Amendments to the United States Constitution

---

7. Defendant supports his second reason with citation to section 211.271.3, *State v. Thomas*, 536 S.W.2d 529, 531 (Mo. App. 1976), *Williams*, 473 S.W.2d at 389, and *State v. Russell*, 625 S.W.2d 138, 142 (Mo. banc 1981). Section 211.271.3 provides:

  After a child is taken into custody as provided in section 211.131, all admissions, confessions, and statements by the child to the juvenile officer and juvenile court personnel and all evidence given in cases under this chapter, as well as all reports and records of the juvenile court, are not lawful or proper evidence against the child and shall not be used for any purpose whatsoever in any proceeding, civil or criminal, other than proceedings under this chapter.

8. Defendant's argument implicitly assumes, without any citation to supporting legal authority, that the exclusion of juvenile adjudications and juvenile court records from evidence in a criminal case as a "prior criminal act" under Section 18(c), would also exclude all other evidence of the conduct giving rise to those adjudications or records. In the absence of proper briefing explicitly raising this issue with supporting legal argument and authority, we cannot address or consider this assumption. *See* Rule 30.20 (generally, allegations of error not properly briefed shall not be considered by appellate court).

All rule references are to Missouri Court Rules (2017).

and Article I, § 10 and § 18(a) of the Missouri Constitution, in that this determination by the Children's Division invaded the province of the factfinder and bolstered Victim's credibility on the ultimate fact at issue—whether [Defendant] had sexual crimes of rape and ·sodomy against Victim—resulting in prejudice because Victim gave multiple inconsistent accounts over time and had admitted to being a liar, and there was no physical evidence of abuse.[9]

Jeanne Hood, Defendant's wife and Victim's mother, was questioned by the State regarding her response to Victim's allegations against her husband. After expressing her confidence that nothing happened, the State questioned Jeanne regarding her understanding of the findings of the Department of Family Service Children's Division against her husband. Jeanne received a letter from the Division stating, "There is a preponderance of evidence that Raymond Hood sexually abused his daughter by fondling her crotch area." Jeanne repeatedly expressed her inability to understand the contents of the letter and the State attempted to explain the letter to her repeatedly in order to continue questioning her. On one occasion, the State communicated the findings of the Division by explaining that a preponderance of the evidence means that the Division "think[s] he did it."

Defendant claims that "this evidence invaded the province of the factfinder" and likens this case to *State v. Churchill*, 98 S.W.3d 536, 539 (Mo. banc 2003), *State v. Foster*, 244 S.W.3d 800, 802-804 (Mo. App.

2008), and *State v. Clements*, 789 S.W.2d 101 (Mo. App. 1990). Defendant failed, however, to preserve this claim for appellate review.

■■■■■ To preserve an issue for appeal, an objection stating the grounds must be made at trial, the same objection must be set out in the motion for new trial and must be carried forward on appeal. *State v. Culpepper*, 505 S.W.3d 819, 831 (Mo. App. 2016). A motion for new trial is not necessary in a criminal case tried without a jury in order to preserve any issue for appeal. Rule 29.11(e). When, however, a motion for new trial is filed in such a case, any allegations of error, with certain exceptions not pertinent here, must be included in the motion to be preserved for review. *Id.*

Here, Defendant offered no timely objection at trial to any of the challenged evidence asserting as a ground that it invaded the province of the factfinder nor did Defendant assert this basis for objection in the motion for new trial he filed in the trial court. Defendant, therefore, failed to preserve this issue for review on appeal.

Moreover, we decline to exercise our discretion to review for plain error under Rule 30.20 for two reasons.[10] First, Defendant did not request or address plain error review in his initial brief. While not a requirement for plain error review, we nevertheless are extremely reluctant to exercise our discretion to intervene and resolve an issue in the absence of full briefing by all the parties and particularly by the potential beneficiary of our interven-

---

9. Defendant has waived his contention of improper bolstering by failing to address it in the argument portion of his brief under this point. *Blakey v. AAA Prof'l Pest Control, Inc.*, 219 S.W.3d 792, 794 (Mo. App. 2007). To address this contention, we would have to become an advocate for the defendant; a role we cannot assume. *Id.*

10. Rule 30.20 provides, in pertinent part, that "[w]hether briefed or not, plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom."

tion. To do so, substantially increases the risk that we inadvertently assume the role of an advocate for that potential beneficiary rather than remain within our constitutional role as the neutral arbiter of the dispute.

Second, there can be no basis here for finding a manifest injustice or miscarriage of justice, as required by Rule 30.20, where not even legal prejudice from the alleged error can be demonstrated. Defendant's argument on this point fails for the same reason as his first point. *Churchill*, *Foster*, and *Clements* were tried by a jury. Here, Defendant waived his right to be tried by a jury. Therefore, assuming without deciding that the challenged evidence was inadmissible, Defendant must still show that the trial court relied on the evidence in order to overcome our presumption that any inadmissible evidence was ignored. *Crites*, 400 S.W.3d at 834. Defendant's argument makes no attempt to overcome this presumption or to demonstrate that it is clear from the record that the trial court relied on this evidence in finding Defendant guilty. Indeed, Defendant could not demonstrate such prejudice because the trial court indicated on the record that it understood the difference between the preponderance of the evidence and beyond a reasonable doubt burdens of proof, and that the Children's Division's preponderance finding would have no effect on the court's determination of whether Defendant was guilty beyond a reasonable doubt of the charged crimes.

Defendant's fourth point is dismissed because it was not preserved for appellate review.

## Decision

Defendant's convictions are affirmed.

NANCY STEFFEN RAHMEYER, J.—concurs

DANIEL E. SCOTT, J.—concurs