STATE of Missouri, Respondent,

v.

Terry Lynn MATSON, Appellant.

WD 79337

Missouri Court of Appeals,
Western District.

OPINION FILED: AUGUST 22, 2017

Daniel N. McPherson, Jefferson City, MO, Counsel for Respondent.

Margaret Mueller Johnston, Columbia, MO, Counsel for Appellant.

Before Division Three: Anthony Rex Gabbert, Presiding Judge, Victor Howard, Judge, Cynthia L. Martin, Judge

Anthony Rex Gabbert, Judge

Terry L. Matson ("Appellant") appeals from two convictions of statutory sodomy (Section 566.062) and one conviction of statutory rape (Section 566.032).[1] Appellant raises four points on appeal. Points I and II allege abuse of discretion in admitting non-relevant propensity evidence pursuant to Art. I, Section 18(c) of the Missouri Constitution. Point III alleges the trial court erred in denying Appellant's Motion for Judgment of Acquittal, due to insufficient evidence he committed statutory rape beyond a reasonable doubt. Point IV alleges plain error in retrospective application of Art. I, Section 18(c). We affirm.

## Background

Appellant lived in the same household with G.C., this case's child victim. G.C. was five-years-old when Appellant began touching "her private areas with his private areas and with his mouth." This conduct occurred on several occasions, though the parties dispute whether Appellant engaged G.C. in sexual intercourse.

Before trial, the State filed a notice to admit propensity evidence pursuant to Art. I, Section 18(c) of the Missouri Constitution. The State sought to admit the testimonies of M.N. and A.B., both of whom Appellant allegedly sexually assaulted as children. M.N.'s allegation dates to 1994, and A.B.'s allegations date to 2007. Because the trial court found those allegations to be legally and factually like the present case, it denied Appellant's motion in limine and admitted the propensity evidence.

## Points I & II

Appellant's first two points allege abuse of discretion, challenging the relevancy of the admitted propensity evidence. Appellant argues the testimonies of M.N. and A.B., addressed in Points I and II, respectively, were not relevant because the alleged acts were too dissimilar and temporally removed from the present case to

---

1. All statutory references are to RSMo 2000 (as supplemented through 2015), unless otherwise noted.

have probative value. We find no abuse of discretion.

The enactment of Article I, Section 18(c) effectively created a new evidentiary standard for sex crimes involving minors. The provision provides:

Notwithstanding the provisions of sections 17 and 18(a) of this article to the contrary, in prosecutions for crimes of a sexual nature involving a victim under eighteen years of age, relevant evidence of prior criminal acts, whether charged or uncharged, is admissible for the purpose of corroborating the victim's testimony or demonstrating the defendant's propensity to commit the crime with which he or she is presently charged. The court may exclude relevant evidence of prior criminal acts if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice.

As Section 18(c) states, prior evidence of misconduct can be used to demonstrate criminal propensity. Thus, in the context of sex crimes involving minors, the provision unequivocally supersedes the Supreme Court of Missouri's evidentiary rulings that once prohibited propensity evidence. See *State v. Bernard,* 849 S.W.2d 10 (Mo. banc 1993) (prohibiting propensity evidence of any kind); *State v. Ellison,* 239 S.W.3d 603 (Mo. banc 2007) (ruling Section 566.025 unconstitutional because it impermissibly allowed propensity evidence); *State v. Vorhees,* 248 S.W.3d 585 (Mo. banc 2008) (finding that "signature *modus operandi*" evidence used to corroborate a victim's testimony constitutes prohibited propensity evidence). The aforesaid cases excluded propensity evidence not because it could never be relevant, but because despite its relevance, its admission into evidence would violate the Missouri Constitution. *Vorhees,* 248 S.W.3d at 591 (noting that propensity evidence, even if logically relevant, is not admissible because it " 'it violates [the] defendant's right to be tried for the offense for which he is indicted' ") (quoting *State v. Sladek,* 835 S.W.2d 308, 311 (Mo. banc 1992)).

In fact, Section 17 of Article I states, "no person shall be prosecuted criminally for felony or misdemeanor otherwise than by indictment or information[.]" And Section 18(a) states, "in criminal prosecutions the accused shall have the right ... to demand the nature and cause of the accusation[.]" These constitutional provisions are intended to "guarantee a criminal defendant the right to be tried only on the offense charged." *State v. Burns,* 978 S.W.2d 759, 760 (Mo. banc 1998). However, the specific language of Section 18(c) directly challenges the previous jurisprudence governing evidence of prior misconduct. The section's first clause specifically provides for the amendment's application "[n]otwithstanding the provisions of sections 17 and 18(a)[.]" In sum, when Missouri voters approved Section 18(c), they overruled our Supreme Court's relevant holdings in *Bernard, Burns, Ellison, Vorhees,* and their progeny. The effect of Section 18(c) was to relieve propensity evidence in certain types of cases from the absolute ban on admissibility, assuming logical and legal relevance is otherwise established.

■ "Evidence is logically relevant if it tends to make the existence of a material fact more or less probable." *Id.* "This is a very low-level test that is easily met." *Vorhees,* 248 S.W.3d at 591 (citing *State v. Sladek,* 835 S.W.2d 308, 314 (Mo. banc 1992)) (J. Thomas, concurring). "Crime statistics readily demonstrate that commission of a prior crime by a defendant is logically relevant to the issue of whether the defendant committed the crime charged simply because recidivous statis-

tics demonstrate that prior offenders commit more crimes than persons who have not previously committed a crime." *Id.* Here, the admitted testimonies alleging Appellant previously sexually assaulted children clearly make more probable the facts in the present case, which allege Appellant sexually assaulted G.C. Appellant's argument that the alleged prior misconduct was too remote in time to be relevant speaks to the evidence's weight and not its admissibility. *State v. Peal*, 393 S.W.3d 621, 628-29 (Mo. App. 2013) ("To the extent that the motive evidence is remote, its remoteness normally affects the weight attached to the evidence rather than its admissibility ... By itself, the passage of time does not render evidence inadmissible due to remoteness") (citation and quotes omitted). The "very low-level test" of logical relevance has, indeed, been "easily met." In this case, it was not an abuse of discretion to conclude that evidence of Appellant's prior conduct was logically relevant.

■ Ordinarily, "evidence is legally relevant if its probative value outweighs its prejudicial effect." *Jackson v. Mills*, 142 S.W.3d 237, 240 (Mo. App. 2004). However, [t]he last sentence in Section 18(c) imposes a higher standard before logically relevant evidence can be excluded based on legal relevance. That sentence provides that: "[t]he court *may* exclude relevant evidence of prior criminal acts if the probative value of the evidence is *substantially* outweighed by the danger of unfair prejudice" (emphasis added). In other words, before a court can exclude logically relevant propensity evidence within the scope of section 18(c), the defendant opposing the admission must establish that the probative value of the evidence is not simply outweighed by, but is substantially outweighed by, the prejudicial effect of the evidence. Even then, as our colleagues in the Eastern

District have observed, "if the evidence's probative value was 'substantially outweighed by the danger of unfair prejudice,' the trial court was not required to exclude the evidence." *State v. Rucker*, 512 S.W.3d 63, 69 (Mo. App. 2017). The trial court's admission of the evidence under these circumstances is only reversible if the trial court abused its discretion by doing so.

Appellant's argument that admission of his prior acts is unfairly prejudicial speaks to the acts' legal relevance. Appellant has not established, however, that the probative value of the evidence is substantially outweighed by the prejudicial effect of the evidence. And even had Appellant sustained this burden (which he has not), Appellant articulates no rationale to permit us to conclude that the trial court abused the discretion it is plainly provided by Section 18(c) to elect not to exclude the evidence. Points I and II are denied.

## Point III

■ Appellant argues the trial court erred in denying his Motion for Judgment of Acquittal, because documentary evidence used to sustain Appellant's statutory rape conviction was insufficient. "A person commits the offense of statutory rape in the first degree if he has sexual intercourse with another person who is less than fourteen years old." RSMo 566.032. Sexual intercourse is statutorily defined as "any penetration, however slight, of the female sex organ by the male sex organ[.]" Section 566.010(4). "The female sexual organs" include the "vulva and external genitals." *State v. Dunn*, 7 S.W.3d 427, 430 (Mo. App. 1999). Appellant asserts documentary evidence of an interview with G.C. was too ambiguous, and thus insufficient, to support a finding that he engaged G.C. in sexual intercourse. We find the evidence in question to be unambiguous, and thus sufficient, to sustain Appellant's conviction.

■■ "Generally, this Court's review of the sufficiency of the evidence is limited to whether the State has introduced sufficient evidence for any reasonable juror to have been convinced of the defendant's guilt beyond a reasonable doubt." *State v. Nash*, 339 S.W.3d 500, 508-09 (Mo. banc 2011) (citation omitted). Evidence is insufficient if it is ambiguous. *State v. Goad*, 926 S.W.2d 152, 156-57 (Mo. App. 1996) (reversing a sodomy conviction where only ambiguous evidence indicated the defendant touched victim's vagina with his hand). "[T]his Court will not weigh the evidence anew since the fact-finder may believe all, some, or none of the testimony of a witness when considered with the facts, circumstances and other testimony in the case." *State v. Freeman*, 269 S.W.3d 422, 425 (Mo. banc 2008) (quotes omitted).

On January 21, 2015, Detective Quentin Abbott interviewed G.C. at the Child Advocacy Center. That interview was recorded on DVD and played in its entirety for the jury. During the interview, Detective Abbott produced anatomical diagrams which identified the penis and vagina as "boy part" and "girl part," respectively. Abbott then asked G.C., "When your Grandpa Terry used his boy part to touch your girl part ... did he touch your girl part on the inside or on the outside?" G.C. immediately replied, "Inside." Given that even slight penetration of the female sex organ constitutes sexual intercourse, the Court sees nothing ambiguous in either Abbott's question or G.C.'s answer.

Appellant asserts there is ambiguity, because Abbott previously questioned G.C. about being touched on the inside or outside of her clothing. Appellant argues, therefore, G.C. could have meant she was touched on the inside of her clothing instead of the inside of her vagina or surrounding area. But that line of questioning occurred five minutes and forty seconds into the interview, while the questions about being touched on the inside of G.C.'s "girl part" occurred approximately sixteen minutes into the interview. Abbott's later question was clearly phrased and occurred eleven minutes after the previous question. We find no cause to doubt whether G.C. understood the detective's meaning. Finding no ambiguity, we conclude the documentary evidence is sufficient to sustain Appellant's conviction. Point III is denied.

### Point IV

■ Appellant contends the trial court erred by applying Article I, Section 18(c) of the Missouri Constitution retrospectively to admit propensity evidence of Appellant's prior sexual assaults. Section 18(c) was enacted on December 4, 2014. Appellant claims the amendment should only be applied to offenses alleged to have occurred on or after that date. However, in *State ex rel. Tipler v. Gardner*, 506 S.W.3d 922 (Mo. banc 2017), our Supreme Court recently held that Section 18(c) is a procedural rule of evidence. As such, the provision only applies prospectively to *trials*, while retrospective application to *evidence* is not prohibited. We are bound by the Supreme Court's controlling opinion. *State v. Brightman*, 388 S.W.3d 192, 199 (Mo. App. 2012). Appellant's argument that Section 18(c) cannot be applied retrospectively to evidence thus fails.

In *Tipler*, as in this case, the appellant argued Section 18(c) cannot be applied retrospectively. *Id.* at 924. It is true, the court observed, that "Constitutional *amendments* ... like statutory amendments, apply only prospectively in all but the most extraordinary circumstances." *Id.* (citation omitted) (emphasis original). However,

to say that article I, section 18(c) applies prospectively (i.e., only to events occurring on or after its effective date) does not resolve the issue Tipler raises. Instead, the key to resolving that issue lies

in properly identifying the "events" to which article I, section 18(c) prospectively applies. The answer is either: (a) the alleged criminal acts or (b) the trial of charges arising out of such acts ... Tipler insists that it must be the former, i.e., that article I, section 18(c) applies only to alleged criminal acts occurring on or after its effective date. This is incorrect.

*Id.* at 924-25. *"Laws which change the rules of evidence related to the remedy only, may be applied to existing causes of action,* and are not precluded from such application by the constitutional provision." *Id.* at 925 (emphasis original) (citing *O'Bryan v. Allen,* 108 Mo. 227, 18 S.W. 892, 893 (Mo. 1891)) (internal quotes omitted). Thus, the "right to have one's controversy determined by existing rules of evidence is not a vested right." *Id.* (internal citation and quotes omitted). Here, Appellant brief even concedes, "It is true that there is no vested right in a rule of evidence." This concession, that no vested right of Appellant was violated, is fatal to Appellant's claim.[2]

We join our colleagues in the Southern and Eastern districts in recognizing *Tipler's* controlling authority. See *State v. Hood,* 521 S.W.3d 680, 684–86, 2017 WL 2482640 at *3 (Mo. App., June 8, 2017); *Rucker,* 512 S.W.3d at 68. Because Section 18(c) was in effect at the time of Appellant's trial, the trial court did not err in admitting evidence of crimes pre-dating the amendment. Point IV is denied.

### Conclusion

We conclude, therefore, that the trial court did not abuse its discretion in admitting logically relevant propensity evidence of prior sexual assaults on children, because Article I, Section 18(c) of the Missouri Constitution expressly allows such evidence. We further conclude that the trial court did not err in denying Appellant's Motion for Judgment of Acquittal, because the evidence presented at trial was sufficient for a reasonable juror to conclude that Appellant committed statutory rape beyond a reasonable doubt. Finally, we conclude the trial court did not err by applying Article I, Section 18(c) retrospectively to admit evidence of prior misconduct, because the Supreme Court held in *Tipler v. Gardner* that such retrospective application is permissible, and we are bound by that decision. We affirm the trial court's judgment.

All concur.

---

**2.** Following this concession, Appellant's brief shifts from arguing Section 18(c) was misapplied to arguing the provision itself is invalid ("Art. I, § 18(c) impairs a constitutional right guaranteed under Art. I, § 17"). However, the validity of a constitutional provision lies within the exclusive appellate jurisdiction of our Supreme Court. Mo. Const. art. v, § 3. Additionally, Appellant did not raise this specific claim of error in his point relied on. Thus, we will not address it further. *See* Rule 84.04(e) ("The argument shall be limited to those errors included in the 'Points Relied On' ").