

# Missouri Court of Appeals

## Southern District

### Division Two

| | | |
|---|---|---|
| RAYMOND SPENCER HOOD, | ) | |
| | ) | |
| Movant-Appellant, | ) | |
| | ) | |
| v. | ) | No. SD36370 |
| | ) | |
| STATE OF MISSOURI, | ) | **Filed: September 24, 2020** |
| | ) | |
| Respondent-Respondent. | ) | |

APPEAL FROM THE CIRCUIT COURT OF ST. CLAIR COUNTY

Honorable James K. Journey

**<u>AFFIRMED</u>**

Raymond Spencer Hood ("Movant") appeals the motion court's denial of his Rule 29.15[1] amended motion for post-conviction relief ("the motion") after an evidentiary hearing. In four points on appeal, Movant claims the motion court clearly erred in denying relief because trial counsel was ineffective for failing to object on relevance grounds to the trial court's admission of testimony from Movant's family members about Movant's sexual misconduct previously perpetrated against them (points 1 – 3) and for failing to advise Movant of the adverse effect that waiving a jury trial would have on the standard of review on appeal applicable to the alleged erroneous admission of that propensity evidence (Point 4). Finding no clear error, we affirm.

---

[1] All rule references are to Missouri Court Rules (2019).

**Background**

Prior to trial, Movant waived his right to a jury trial and proceeded to a bench trial. After that trial, the trial court found Defendant guilty of five counts of statutory rape in the first degree, one count of statutory rape in the second degree, and one count of statutory sodomy in the second degree.[2] The trial court also found that Movant qualified for sentencing as a predatory sexual offender based upon the testimony Movant now claims should not have been adduced at his bench trial.[3]

All of the charges against Movant stemmed from allegations of sexual abuse by Movant's then-minor daughter ("Victim"). At trial, Victim testified about seven different instances in which Movant forced her to have sexual intercourse with him. The dates ranged from August 2005, when Victim was 9 years old, to June 2010, when Victim was 15. Victim recounted instances occurring inside their family home and on the family farm in which Movant forcibly removed Victim's clothes and forced her to have vaginal intercourse and, on one occasion, anal intercourse, with Movant.

Pursuant to article I, section 18(c) of the Missouri Constitution, the State also adduced evidence from three of Movant's family members about Movant's prior sexual misconduct to prove Movant's propensity to commit the crimes charged and that Movant was a predatory sexual offender. Movant's mother ("Mother") testified that in 1988, when Movant was 14 or 15 years old, he twice attempted to rape her. Mother testified that on both

---

[2] *See* sections 566.032, RSMo 2000 (counts 1 and 2); 566.032, RSMo Cum. Supp. 2007 (counts 3 and 4); 566.032, RSMo Cum. Supp. 2008 (count 5); 566.064 RSMo 2000 (count 6); and 566.034, RSMo 2000 (count 7).

[3] Section 558.018.5(2), RSMo 2000, defines a **"predatory sexual offender"** as a person who has previously committed forcible rape, statutory rape in the first degree, forcible sodomy, statutory sodomy in the first degree, or has attempted to commit any of those crimes, as well as anyone who has previously committed child molestation in the first degree when classified as a B felony or sexual abuse when classified as a B felony. *See also* section 558.018.4, RSMo 2000.

2

occasions, Movant pushed her on the bed, removed her clothes, and attempted to have intercourse with her.

Movant's younger sister ("Sister") testified that Movant had sexual intercourse with her multiple times, including at the family farm, during the time she was in kindergarten through second grade. Movant's older brother ("Brother") testified that Movant tried to have non-consensual anal intercourse with him at their family home when Movant was 14 and Brother was 16.

The trial court found Movant guilty as charged and sentenced him to life imprisonment on each of the five counts of first-degree statutory rape and seven years' imprisonment on the statutory sodomy charge and the statutory-rape-in-the-second-degree charge. We affirmed Movant's convictions on direct appeal in *State v. Hood*, 521 S.W.3d 680, 682-83 (Mo. App. S.D. 2017).

On August 8, 2017, Movant filed his *pro se* Motion to Vacate, Set Aside or Correct the Judgment or Sentence. Counsel was appointed on August 9, 2017, and an amended motion was timely filed on November 7, 2017. The motion alleged, in pertinent part, that trial counsel was ineffective for failing to object on relevance grounds to the propensity evidence offered by Mother, Sister, and Brother, and for providing inadequate advice to Movant regarding his waiver of a jury trial in that trial counsel did not "discuss the limitations when appealing a bench trial as compared to appealing a jury trial."

Movant, Movant's wife, and trial counsel all testified at the evidentiary hearing on the motion. After the motion was denied, this appeal timely followed.

3

**Standard of Review & Governing Law**

We review a motion court's judgment denying post-conviction relief to determine whether the findings of fact and conclusions of law are clearly erroneous. ***Ludemann v. State***, 601 S.W.3d 577, 579 (Mo. App. S.D. 2020); Rule 29.15(k).

To prevail on a claim of ineffective assistance of counsel, the movant must prove by a preponderance of the evidence that counsel: (1) failed to exercise the level of skill and diligence that reasonable, competent counsel would exercise; and (2) the movant was prejudiced by that failure. ***McIntosh v. State***, 413 S.W.3d 320, 324 (Mo. banc 2013) (citing ***Strickland v. Washington***, 466 U.S. 668, 687 (1984)).

**Analysis**

*Points 1 – 3*

Movant's first three points claim the motion court clearly erred in denying the motion because trial counsel was ineffective for failing to object on relevance grounds to the propensity evidence offered by Mother, Sister, and Brother. We disagree. Because each of these points addresses the same type of testimony provided by all three witnesses, we address them together.

As earlier noted, pursuant to article I, section 18(c) of the Missouri Constitution, Mother, Sister, and Brother all offered evidence of Movant's prior sexual misconduct for purposes of proving Movant's propensity to commit the charged sexual crimes he perpetrated against Victim. Prior to trial, Movant sought to exclude such evidence on the basis that, *inter alia*, it was "more prejudicial than probative[.]" The trial court denied Movant's request to exclude the evidence, stating,

> I believe, under the constitutional amendment, the State is entitled to do that.
> As much as I personally might find that to be somewhat dangerous in the

4

bigger scheme of things, that's what it says. Now, it's somewhat -- to me, it's academic in a bench trial a little bit because, being charged as a predatory sexual offender, I think the State can get into that same thing anyway, with or without the constitutional amendment, at least before the Court. And since we're here without a jury, then it takes away some of the problem in trying to decide what should be allowed in evidence in chief and what should be allowed only in chambers out of the hearing of the jury itself.

Because of that, I don't find the prejudice to be extreme and, under the constitutional amendment, of course, there is the safeguard that, if the prejudicial effect outweighs the probative value, then the Court has a discretion to keep it from the fact finders. Again, we don't have a jury, so I think it's somewhat academic.

The trial court then granted Movant a continuing objection to the testimony.

Failure to object to evidence is not sufficient, in and of itself, to constitute ineffective assistance of counsel. *West v. State,* 244 S.W.3d 198, 200 (Mo.App. E.D.2008). In order to prevail on a claim of ineffective assistance of counsel for failing to object to evidence, Movant must show that: (1) the objection would have been meritorious, and (2) the failure to object resulted in substantial deprivation of his right to a fair trial. *Id.* "Movant also bears the burden of proving the failure to object was not strategic and was prejudicial." *Id.*

*Hays v. State*, 360 S.W.3d 304, 312 (Mo. App. W.D. 2012).

Movant does not dispute that the evidence he challenges was admissible as proof of the State's allegation that Movant qualified as a predatory sexual offender. *See also **Hood**,* 521 S.W.3d at 683 n.2 (stating, "Although portions of the evidence challenged by [the defendant] in this appeal were utilized by the trial court in its determination that [the defendant] is a predatory sexual offender, [the defendant] does not challenge the use of the evidence in that respect").

As the State points out – and Movant does not attempt to refute – there is no evidence in the record that the trial court relied on the complained-of evidence in finding Movant guilty of the charged offenses. Absent such a showing of reliance, Movant cannot meet his burden of proving that the outcome of his case would have been different absent

that challenged evidence. ***Mullenix-St. Charles Props., L.P. v. City of St. Charles***, 983 S.W.2d 550, 557 (Mo. App. E.D. 1998) ("erroneously admitted evidence in a court-tried case is rarely, if ever, a cause for reversal and then only when it appears from the record that the court relied on the inadmissible evidence in arriving at its findings").

Points 1, 2 and 3 are denied.

*Point 4*

In a tacit acknowledgement of the presumption that a trial judge will not consider evidence for an improper purpose, Point 4 claims the motion court clearly erred in denying the motion because trial counsel was ineffective for failing to advise Movant of "the effect of waiving a jury trial on [Movant]'s ability to appeal the admission of propensity evidence[.]" Movant does not identify what advice he believes he should have received until the fourth-to-last page of his brief, in which he claims that "there [would be] almost no probability of reversal, because of the extreme deference as to prejudice that appellate courts employ after a bench trial[,]" citing ***Hood***, 521 S.W.3d at 683-84. We need not dither about whether such deference may rightly be characterized as "extreme" because Movant's claim fails for a more fundamental reason that is subject to absolute deference on appeal.

The relevant finding by the trial court is:

> Movant testified that he would have insisted on trying his case to a jury if he had been advised of potential differences in appellate review standards. This Court *does not find that testimony credible*. Movant was advised that trying his case, under the circumstances, to a jury would be problematic. Given the nature of the charges, it would have been difficult for Movant to prevail in a jury trial if he did not testify. Movant was advised that if he did testify, a jury would have been informed of his felony convictions, which included involuntary manslaughter and stealing. Nothing in Movant's testimony or other evidence causes this Court to believe that he would have actually elected to increase his chances of a conviction at trial in order to potentially benefit in some unknown manner from a possible difference in appellate review standards. *In the absence of credible evidence* to support

6

Movant's claim that he would have insisted on a jury trial, Movant's . . . claims . . . fail and are DENIED [(emphasis added)].

"This Court defers to the motion court's factual findings and credibility determinations." ***Rowland v. State***, No. SD 36154, 2020 WL 3248367, at \*5 (Mo. App. S.D. June 16, 2020).  The motion court did not believe Movant's testimony, and we must defer to that finding. ***Id.***

Movant's fourth point is also denied, and the motion court's denial of post-conviction relief is affirmed.

DON E. BURRELL, J. – OPINION AUTHOR

GARY W. LYNCH, J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS